**The STATE of Ohio, Appellee,**

v.

**HAMILTON, Appellant.**

[Cite as *State v. Hamilton* (1992), 80 Ohio App.3d 589.]

Court of Appeals of Ohio,
Summit County.

C.A. No. 15285.

Decided June 17, 1992.

*Lynn Slaby,* Prosecuting Attorney, and *William Wellemeyer,* Assistant Prosecuting Attorney, for appellee.

*Jesse Hamilton, pro se.*

CACIOPPO, Judge.

On May 26, 1989, Jesse Hamilton was convicted on two counts of rape in violation of R.C. 2907.02(A)(2). This court affirmed Hamilton's convictions on February 7, 1990. *State v. Hamilton* (Feb. 7, 1990), Summit App. No. 14177, unreported, 1990 WL 11720.

Hamilton filed his initial petition for post-conviction relief during the pendency of his direct appeal. This action was dismissed by the trial court. Hamilton did not appeal from this dismissal. Following his direct appeal, Hamilton filed a second motion for post-conviction relief, which was also dismissed by the trial court. This court affirmed the trial court's dismissal in *State v. Hamilton* (Jan. 23, 1991), Summit App. No. 14695, unreported, 1991 WL 6176▮

This cause is now before the court upon the trial court's denial of Hamilton's third motion for post-conviction relief. We affirm.

### Assignment of Error No. I

"The trial court erred in dismissing the defendant-appellant's post-conviction [*sic*] on the grounds of *res judicata*, a violation of defendant-appellant's rights as guaranteed by the Ohio and United States Constitutions."

█ Hamilton asserts that the trial court was without jurisdiction to rule on his initial petition for post-conviction relief as his direct appeal was in process at the time.

Hamilton made a similar assertion in his previous post-conviction relief appeal. See *State v. Hamilton, Id.* As in this previous case, "[w]e find this contention [to be] devoid of merit." *Id.*

The first assignment of error is overruled.

### Assignments of Error Nos. II and III

"II. The trial court erred and abuse [*sic*] it's [*sic*] descretion [*sic*] to the detriment of defendant-appellant by stateing [*sic*] the wrong statue [*sic*] for his reasoning as to what constitue [*sic*] a lesser included offense.

"III. Trial court's violation of defendant-appellant's due process rights as were guaranteed by the Ohio and United States Constitutions."

█ Hamilton has failed to provide this court with a transcript of proceedings of the trial leading to his conviction.

In the absence of an adequate record, which is appellant's responsibility, the court of appeals is unable to evaluate the merits of these assignments of error. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238–1239. Furthermore, the lack of a transcript of the criminal proceedings against Hamilton suggests that there was not a transcript before the court, thereby foreclosing its review of these contentions.

Accordingly, the second and third assignments of error are overruled.

### Assignment of Error No. IV

"Trial counsel's failure to represent the denfendant [*sic*]-appellant during trial amounted to ineffective assistance of trial counsel. A violation of the defendant's rights as guaranteed by the Ohio and United States Constitutions."

Hamilton asserts that his trial counsel was ineffective.

Hamilton made a similar assertion in *State v. Hamilton, supra,* wherein this court held that Hamilton had failed to produce sufficient operative facts to demonstrate ineffectiveness, and had failed to demonstrate prejudice. Furthermore, in the absence of a transcript of proceedings, this court is unable to assess trial counsel's performance at trial, and is thereby unable to evaluate the merits of this assignment of error.

The fourth assignment of error is overruled.

### Assignment of Error No. V

"Appellant [*sic*] counsel was ineffective for not giving defendant-appellant effective assistance of counsel during appeal and for not raising viable claims on appeal."

Claims of ineffective assistance of appellate counsel are not cognizable in post-conviction relief proceedings pursuant to R.C. 2953.21. *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, paragraph one of the syllabus.

The fifth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, J., concurs.

QUILLIN, P.J., concurs in judgment only.