THE STATE EX REL. LUNA, APPELLANT, *v.* MCGIMPSEY, JUDGE, APPELLEE.

[Cite as *State ex rel. Luna v. McGimpsey* (1996), 74 Ohio St.3d 485.]

(No. 95–1950—Submitted December 12, 1995—Decided February 7, 1996.)

*Michael K. Luna,* pro se.

———

*Per Curiam.* Luna asserts in his sole proposition of law that the court of appeals erred in dismissing his mandamus action. Luna claims that because the facts and legal arguments raised in his October 14, 1994 petition were not the same as those raised in his previous petition, he is entitled to findings of fact and conclusions of law.

"Since a trial court's discretion under R.C. 2953.23(A) is not limited to entertaining successive petitions [for postconviction relief] based only on the same facts, its discretion to issue findings of fact and conclusions of law in dismissing a second or successive petition is similarly not limited." *State ex rel. Jennings v. Nurre* (1995), 72 Ohio St.3d 596, 598, 651 N.E.2d 1006, 1008. A writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. *Id.,* citing *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 180, 631 N.E.2d 119, 122; R.C. 2731.03. In addition, Luna possessed an adequate legal remedy via appeal of the judgment dismissing his postconviction relief petition. R.C. 2953.23(B). The court of appeals properly dismissed Luna's mandamus action.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.