[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 614.]

GAUSE, APPELLANT, *v.* ZALESKI, JUDGE, APPELLEE.

[Cite as *Gause v. Zaleski,* 1999-Ohio-324.]

*Mandamus to compel common pleas court judge to file findings of fact and conclusions of law relating to the denials of relator's postconviction relief petitions—Writ denied, when.*

(No. 99-75—Submitted April 19, 1999—Decided June 16, 1999.)

APPEAL from the Court of Appeals for Lorain County, No. 98CA007171.

————————————

{¶ 1} In 1992, appellant, Vernon A. Gause, was convicted of abduction and aggravated trafficking in drugs and was sentenced to prison. The court of appeals affirmed his conviction. *State v. Gause* (May 5, 1993), Lorain App. No. 92CA005444, unreported, 1993 WL 140445, motion for leave to file delayed appeal denied (1995), 72 Ohio St.3d 1520, 649 N.E.2d 279.

{¶ 2} In October 1996 and March 1998, respectively, appellee, Lorain County Court of Common Pleas Judge Edward M. Zaleski, denied Gause's first and second petitions for postconviction relief based on *res judicata* because the issues raised either were or could have been raised by Gause in his direct appeal. In June 1998, Gause filed a motion for postconviction relief, which he claimed to be a motion for "reconsideration" of Judge Zaleski's March 1998 denial of his second petition for postconviction relief. In July 1998, Judge Zaleski denied the motion.

{¶ 3} Gause then filed a complaint in the Court of Appeals for Lorain County for a writ of mandamus to compel Judge Zaleski to file findings of fact and conclusions of law relating to his denials of Gause's postconviction relief petitions. Judge Zaleski filed a Civ.R. 12(B)(6) motion to dismiss, and the court of appeals granted the motion as it related to Judge Zaleski's judgments denying Gause's first

and second petitions for postconviction relief, finding that those judgments contained sufficient findings of fact and conclusions of law. The court of appeals converted Judge Zalseki's dismissal motion into a motion for summary judgment concerning Gause's mandamus claim relating to the denial of his third postconviction relief action, and the parties presented additional evidence. The court of appeals granted the motion for summary judgment and denied the writ.

{¶ 4} This cause is now before the court upon an appeal as of right.

_____

*Vernon A. Gause, pro se.*

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum*, Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

{¶ 5} In his sole proposition of law, Gause asserts that his sentencing court erred in dismissing his postconviction relief petitions without first conducting evidentiary hearings. For the following reasons, Gause's assertion does not establish that the court of appeals erred in dismissing part of his mandamus action and denying the remainder.

{¶ 6} First, Gause had an adequate remedy at law by appeal to raise his claim that his sentencing court erred in not conducting evidentiary hearings before dismissing his postconviction relief petitions. *State ex rel. Luna v. McGimpsey* (1996), 74 Ohio St.3d 485, 486, 659 N.E.2d 1278, 1279; R.C. 2953.23(B).

{¶ 7} Second, Gause was not entitled to findings of fact and conclusions of law on Judge Zaleski's judgments denying his first and second petitions for postconviction relief because those judgments satisfied the requirement for findings of fact and conclusions of law. *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 19-20, 530 N.E.2d 1330, 1330-1331.

**{¶ 8}** Finally, Gause was not entitled to findings of fact and conclusions of law on Judge Zaleski's judgment denying his second and third postconviction relief actions because Judge Zaleski was not required to file findings of fact and conclusions of law on successive postconviction relief petitions. *State ex rel. Jennings v. Nurre* (1995), 72 Ohio St.3d 596, 597-598, 651 N.E.2d 1006, 1007-1008; *Luna*, 74 Ohio St.3d at 486, 659 N.E.2d at 1278-1279.

**{¶ 9}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____