DECISION AND JOURNAL ENTRY
Appellant, Jesse Hamilton, appeals from a judgment of the Summit County Court of Common Pleas that denied his fifth petition for post-conviction relief. This Court affirms.
On May 26, 1989, Hamilton was convicted and sentenced on two counts of rape committed against a fifteen-year-old girl. The conviction was affirmed on direct appeal. See State v. Hamilton (Feb. 7, 1990), Summit App. No. 14177, unreported. During the decade following his conviction, Hamilton filed numerous petitions for post-conviction relief, motions for new trial, and other post-conviction motions. Although Hamilton repackaged his challenge in a variety of forms, the substance of almost every filing was Hamilton's claim that he was entitled to have the victim's medical records, which showed no physical evidence of rape, introduced at trial in his defense. The trial court repeatedly found this challenge to be merit less and, therefore, refused to vacate Hamilton's conviction and sentence or grant him a new trial. This Court affirmed each of the trial court's decisions that Hamilton appealed. See, e.g., State v. Hamilton (1992), 80 Ohio App.3d 589; State v. Hamilton (May 8, 1996), Summit App. No. 17478, unreported; State v. Hamilton (Jan. 23, 1991), Summit App. No. 14695, unreported.
On June 12, 1998, Hamilton filed his fifth petition for post-conviction relief, alleging again that trial counsel was ineffective for failing to introduce the victim's medical records into evidence at trial. The trial court denied his petition without a hearing. Hamilton appeals and raises three assignments of error, which will be addressed together because they are interrelated.
Hamilton's assignments of error challenge the propriety of the trial court's denial of his fifth petition for post-conviction relief. R.C. 2953.23 governs second or successive petitions for post-conviction relief. Under that statute, a trial court is forbidden to entertain a second or successive petition for post-conviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty (or, if applicable, found him eligible for the death penalty) but for constitutional error at trial. See R.C. 2953.23(A).
A review of Hamilton's petition reveals that he did not meet either of the criteria of R.C. 2953.23(A). Hamilton (1) neither showed that he was unavoidably prevented from discovering the facts upon which he relied in his fifth petition, nor showed that any rulings by the United States Supreme Court subsequent to his first petition recognized a new federal or state right that applied to him; and (2) failed to show by clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. See R.C. 2953.23(A). Because Hamilton's fifth petition for post-conviction relief did not meet the criteria of R.C. 2953.23(A), the trial court correctly denied it. Hamilton's assignments of error are overruled.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE FOR THE COURT CARR, P.J.
BATCHELDER, J. CONCUR