OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Larry M. Schlee, appeals from the trial court's denial of his second petition for postconviction relief without an evidentiary hearing.
On September 28, 1992, the Lake County Grand Jury indicted appellant on one count of aggravated murder in violation of R.C.2903.01. The charge was brought in relation to the death of Frank Carroll("Carroll"), who died on or about February 2, 1980. Although Carroll was murdered in 1980, his body was discovered in New York in 1981 and remained unidentified until 1992.
Appellant pled not guilty to murdering Carroll, and the case proceeded to a jury trial that commenced on March 23, 1993. The jury convicted appellant of aggravated murder on March 31, 1993, and the trial court thereafter sentenced him to life in prison with parole eligibility after twenty years.
On appeal, this court affirmed appellant's conviction and sentence. See State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, 1994 WL 738452 ("Schlee I"). Appellant then unsuccessfully sought leave to appeal this judgment in the Supreme Court of Ohio. See State v. Schlee (1995), 72 Ohio St.3d 1518.
After exhausting the direct appeal process, appellant filed his first petition for postconviction relief in the trial court on September 23, 1996. In this petition, appellant alleged that his trial counsel rendered ineffective assistance, thereby violating his Sixth Amendment right to counsel. Appellant set forth seven bases underlying his claim of ineffective assistance of counsel and attached various affidavits in support of the petition.
On May 15, 1997, the trial court issued a judgment entry in which it denied appellant's petition without holding an evidentiary hearing. In doing so, the trial court effectively ruled that appellant's claims of ineffective assistance of counsel were not only substantively without merit, but were also barred byres judicata since appellant had previously raised the alleged inefficacy of his trial counsel as error on direct appeal. On June 10, 1997, appellant appealed the denial of his first postconviction relief petition to this court.
Subsequently, while this appeal was still pending, appellant filed a second petition for postconviction relief on December 18, 1997. The basis for this petition was appellant's claim that he had newly discovered evidence to prove that the state committed a Crim.R. 16 discovery violation during his March 1993 trial, to wit: the prosecution failed to turn over or otherwise disclose the contents of an allegedly exculpatory medical report prepared by Dr. Robert C. Challener ("Dr. Challener").
Dr. Challener was a forensic pathologist employed by the Cuyahoga County Coroner's Office in Cleveland, Ohio, who examined the skeletal remains of Carroll on March 11, 1993 at the request of the Lake County Prosecutor's Office. Upon examining the remains, Dr. Challener prepared a written report summarizing his findings. The doctor ultimately gave a copy of his report to the Lake County Prosecutor. According to the second petition, the state's failure to inform the defense about the contents of the report violated appellant's "rights to due process, to confront witnesses and to a fair trial, as guaranteed by the Fifth, Sixth
and Fourteenth Amendments to the United States Constitution and Article I, Section 10 to the Ohio Constitution."
The state filed a motion to dismiss appellant's second petition without a hearing along with a brief in opposition. Upon obtaining leave of court, appellant filed a brief in reply.
On July 22, 1998, the trial court denied the second petition without holding an evidentiary hearing. In its written judgment entry, the trial court ruled that it could not entertain the petition because the submission failed to satisfy the requirements governing a second or successive petition for postconviction relief as set forth in R.C. 2953.23. From this judgment, appellant filed another notice of appeal with this court on August 21, 1998.
At that time, appellant's prior appeal stemming from the denial of his first postconviction relief petition was still pending before this court. Subsequently, on December 31, 1998, we issued an opinion and judgment in that matter. See State v. Schlee (Dec. 31, 1998), Lake App. No. 97-L-121, unreported, 1998 WL 964291 ("Schlee II").
In Schlee II, we reversed the judgment of the trial court whereby it had dismissed appellant's first petition without a hearing. Our grounds for the reversal were twofold: (1) the trial court improperly invoked res judicata as a basis for dismissing all seven of appellant's claims of ineffective assistance of counsel when several of the claims could not have been adequately raised on direct appeal; and (2) the findings of fact and conclusions of law contained in the trial court's May 15, 1997 judgment entry were inadequate, thereby precluding meaningful appellate review. Consequently, we reversed the judgment of the trial court and remanded the matter so that the court could issue new findings of fact and conclusions of law addressing those claims of ineffective assistance of counsel that were not barred by res judicata.
The appeal instituted by appellant in the wake of the trial court's denial of his second postconviction relief petition is now before this court for consideration. Appellant asserts the following assignments of error:
 "[1.] The defendant-appellant was denied due process of law when the trial court disposed of his second petition for postconviction relief without an evidentiary hearing.
 "[2.] The trial court erred to the prejudice of the defendant-appellant by failing to make adequate findings of fact and conclusions of law when it denied his second petition for postconviction relief.
 "[3.] The trial court erred to the prejudice of the defendant-appellant when it failed to follow the standards of proof of the postconviction statute in effect at the time of his conviction in considering his second petition for postconviction relief.
 "[4.] R.C. 2953.23 constitutes a denial of due process and must be held unconstitutional because it requires a higher standard of proof than that outlined by the United States Supreme Court for Brady violations."
 Appellant assigns four proposed errors on appeal. Given our resolution of this matter, it will be more useful for us to consider the first and second assignments of error in inverse order.
In his second assignment of error, appellant proposes that the trial court erred by failing to promulgate adequate findings of fact and conclusions of law when denying his second petition for postconviction relief. According to appellant, the trial court's failure in this regard amounts to reversible error.
R.C. 2953.21 governs initial petitions for postconviction relief that are timely filed by the petitioner. Upon the filing of an initial petition, it is undisputed that the trial court has an affirmative duty under R.C. 2953.21 to make and file findings of fact and conclusions of law which explain its reasons for dismissing the petition and not granting the relief requested. See R.C. 2953.21(C) (providing that if "the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal"); R.C. 2953.21(G) (mandating that if "the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition").
In the postconviction relief context, the Supreme Court of Ohio has explained the rationale behind requiring a trial court to issue findings of fact and conclusions of law:
 "The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." State v. Mapson (1982), 1 Ohio St.3d 217, 219. See, also, Schlee II, 1998 WL 96429, at 5 (citing Mapson for the same proposition).
Thus, there can be no doubt that a trial court is required to make and file findings of fact and conclusions of law when it passes judgment on an initial petition for postconviction relief. Indeed, the duty to issue findings of fact and conclusions of law is mandatory, and extraordinary relief in the form of a writ of mandamus will lie to require a trial court to fulfill its statutory obligation in this regard. SeeState ex rel. Brown v. Court (1986), 23 Ohio St.3d 46,46-47.
The question presented, however, is whether a trial court is required to issue findings of fact and conclusions of law with respect to a second or successive petition for postconviction relief. Initially, the Supreme Court of Ohio appeared to draw a distinction based upon whether the petitioner was asserting the same or different constitutional grounds in the subsequent petition as he had put forth in the original petition. In Stateex rel. Workman v. McGrath (1988), 40 Ohio St.3d 91, the Supreme Court held that a trial court was not required to file findings of fact and conclusions of law when declining to entertain a second or successive petition for postconviction relief which alleged the same grounds as earlier petitions.
The Supreme Court revisited this issue in State ex rel.Jennings v. Nurre (1995), 72 Ohio St.3d 596. In Jennings, the court observed that R.C. 2953.23 placed the entertainment of a second or successive petition for postconviction relief within the sound discretion of the trial court, irrespective of whether such a petition was based upon the same facts or newly discovered evidence. Given that the decision whether even to consider a subsequent petition was within the trial court's discretion, theJennings court held that the filing of findings of fact and conclusions of law also fell within the discretion of the trial court.
In the wake of Jennings, therefore, a trial court was not required to issue findings of fact and conclusions of law when declining to entertain a second or successive petition for postconviction relief. This held true regardless of whether the petition asserted a different ground for relief than any other previous petition. The holding of Jennings was subsequently reaffirmed by the Supreme Court of Ohio. See State ex rel. Lunav. McGimpsey (1996), 74 Ohio St.3d 485.
It must be noted that the Jennings and Luna decisions were predicated upon a prior version of R.C. 2953.23. Division (A) of that statute used to provide that "the court may, in its discretion and for good cause shown, entertain a second petition or successive petitions for similar relief on behalf of the petitioner based upon the same facts or on newly discovered evidence." It was the "good cause" requirement of the prior version of R.C. 2953.23(A) that placed the entertainment of a second or successive petition for postconviction relief within the sound discretion of the trial court. Jennings,72 Ohio St.3d at 598. As a result, the Supreme Court concluded that the decision whether to issue findings of fact and conclusions of law when dismissing a second or successive petition must also be a matter of discretion. Id.; Luna, 74 Ohio St.3d 486 (quoting Jennings).
R.C. 2953.23 was amended by Am.Sub.S.B. No. 4 ("S.B. 4") effective September 21, 1995. The reference to the trial court entertaining a second or successive petition "in its discretion and for good cause shown" was deleted from the statute. In its place, the General Assembly substituted a two-pronged test for determining whether the trial court should consider a subsequent petition after an initial petition has previously been submitted. The current version of R.C. 2953.23(A) reads:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1)Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 This court previously attempted to adjudge how the amendments to R.C. 2953.23(A) affected the trial court's duty to issue findings of fact and conclusions of law when dismissing a second or successive petition for postconviction relief. In State ex rel. Dewey v. Yost
(June 6, 1997), Ashtabula App. No. 96-A-0060, unreported, 1997 Ohio App. LEXIS 2459, we held that the issuance of findings of fact and conclusions of law addressing a subsequent petition remained a matter within the sound discretion of the trial court, unless one of the scenarios envisioned by R.C. 2953.23(A)(1) was applicable.
In other words, this court concluded that, as a general matter, the holdings of Jennings and Luna still governed the issuance of findings of fact and conclusions of law with respect to a second or successive petition for postconviction relief. An exception arose, however, if the petitioner based the subsequent petition on one of the two R.C. 2953.23(A)(1) scenarios, to wit: (1) the petitioner alleged that he was unavoidably prevented from discovery of the facts upon which the latest claim for relief was based; or (2) the petitioner asserted a claim based on a new federal or state right that applied retroactively to persons in his situation and that was recognized by the United States Supreme Court subsequent to the filing of an earlier petition. In such situations, this court effectively held that the trial court had a duty to prepare findings of fact and conclusions of law. Dewey, 1997 Ohio App. LEXIS 2459, at 4-7.
In the case sub judice, the petition giving rise to the instant appeal was appellant's second request for postconviction relief. In this petition, appellant maintained that he had been unavoidably prevented from discovery of the facts upon which he had to rely to present his latest claim for relief as provided for by R.C. 2953.23(A)(1)(a).
Specifically, appellant contended that the Lake County Public Defender's Office was unable to obtain a copy of Dr. Challener's forensic pathology report from the Lake County Prosecutor's Office until the summer of 1997. Appellant, therefore, argued that he was unavoidably prevented from discovering the contents of Dr. Challener's report from the time of his March 1993 trial until 1997. This report, in turn, formed the crux of his claim that he was deprived of his rights to due process of law, to a fair trial, and to confront witnesses against him because the prosecution committed a discovery violation by not timely providing a copy of or disclosing the substance of Dr. Challener's findings.
Thus, appellant's second petition for postconviction relief invoked the scenario provided for by R.C. 2953.23(A)(1)(a). Pursuant to our decision in Dewey, the trial court would have had a duty to make and file findings of fact and conclusions of law.
 Recently, however, the Supreme Court of Ohio resolved the question of whether a trial court has a duty to issue findings of fact and conclusions of law when dismissing a second or successive petition for postconviction relief which was filed after the current version of R.C. 2953.23 took effect on September 21, 1995. In State ex rel. Carroll v. Corrigan (1999), 84 Ohio St.3d 529, the Supreme Court concluded in a per curiam opinion that the trial court did not have any duty to issue findings of fact and conclusions of law when denying the prisoner's second petition for postconviction relief. The prisoner had filed the second petition in December 1995. This was after the amended version of R.C. 2953.23 took effect on September 21, 1995. In rendering this decision, the Supreme Court in Carroll expressly cited its prior holding in State ex rel. Luna v. McGimpsey, supra.
Subsequently, in State ex rel. Fuller v. Sutula (1999), 86 Ohio St.3d 301, the Supreme Court issued another per curiam opinion in which it reiterated that the trial court has no duty to issue findings of fact and conclusions of law with respect to a second or successive petition for postconviction relief. The petitioner in Fuller filed his second petition in 1997. Again, this was well after the S.B. 4 amendments to R.C. 2953.23 became effective on September 21, 1995.
The Supreme Court's holdings in Carroll and Fuller run counter to this court's prior decision in Dewey. Under the current version of R.C. 2953.23, therefore, a trial court still has no duty to issue findings of fact and conclusions of law when dismissing a second or successive petition for postconviction relief.
In the instant matter, the trial court was not obliged to prepare and file findings of fact and conclusions of law with respect to appellant's second petition for postconviction relief. The second assignment of error is meritless.
In his first assignment of error, appellant posits that the trial court erred by denying his second petition for postconviction relief without holding an evidentiary hearing. In its judgment entry denying the petition, the trial court wrote:
 "As previously mentioned, Petitioner must meet both the requirements of § 2953.23(A)(1) and § 2953.23(A)(2). After careful review of the evidence and arguments, the Court finds that Petitioner has, at least, failed to meet the requirements of [R.C.] 2953.23(A)(2). Therefore, the Court finds Petitioner's motion not well[-]taken."
 Thus, the trial court concluded that appellant had not satisfied the requirement of R.C. 2953.23(A)(2). Consequently, the trial court granted the state's motion to dismiss the petition without an evidentiary hearing and entered judgment accordingly.
Pursuant to R.C. 2953.23(A), a trial court "may not entertain" a second or successive petition for postconviction relief unless both R.C. 2953.23(A)(1) and (A)(2) are satisfied. In this case, the trial court determined that, at a minimum, appellant could not demonstrate compliance with the requirement set forth in R.C.2953.23(A)(2). Given this, the trial court was not obligated to conduct an evidentiary hearing before denying appellant's second petition for postconviction relief. The first assignment is not well-taken.
In his third assignment of error, appellant suggests that the trial court erred when it dismissed his second petition based upon the amended version of R.C. 2953.23, rather than the prior version of the statute that was in effect at the time of his 1993 conviction. As an initial matter, we would note that appellant preserved this issue for appellate review by raising it before the trial court in his reply brief that was filed after the state moved to dismiss the second petition without an evidentiary hearing. In that brief, appellant specifically requested that the trial court apply the 1993 version of R.C. 2953.23, as opposed to the amended statute.
As mentioned previously, R.C. 2953.23 was amended by the General Assembly effective September 21, 1995. The prior version of R.C. 2953.23(A) provided that "the court may, in its discretionand for good cause shown, entertain a second petition or successive petitions for similar relief on behalf of the petitioner based upon the same facts or on newly discovered evidence." (Emphasis added.)
The current statute now sets forth the aforementioned two-pronged test for evaluating a second or successive petition for postconviction relief. Pursuant to this version, a court may not entertain a subsequent petition unless, inter alia, the petitioner "shows by clear and convincing evidence that, but forconstitutional error at trial, no reasonable factfinder would havefound the petitioner guilty of the offense of which the petitioner was convicted[.]"
According to appellant, the current version of R.C. 2953.23(A) places a much more stringent burden on the petitioner than the prior edition of the statute. While a petitioner only used to have to show "good cause," he must now demonstrate by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offense. From appellant's perspective, a petitioner faces a greater hurdle under the current version of R.C. 2953.23(A) in order to have the trial court entertain a second or successive petition for postconviction relief.
Even though R.C. 2953.23 was amended on September 21, 1995, appellant contends that the current statute should not apply to his second petition which was filed more than two years later on December 18, 1997. Rather, appellant maintains that the 1993 version of R.C. 2953.23(A) should govern his second petition because the constitutional error set forth in the petition (i.e., the prosecution's alleged discovery violation) occurred in March 1993 when he was tried and convicted.
In support of this position, appellant cites two statutes. The first is R.C. 1.48 which provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective."
Given the language of R.C. 1.48, it is axiomatic that a statute will be applied prospectively unless it was drafted in such a way as to indicate expressly that it should also operate retroactively. See Warren Cty. Bd. of Commrs. v. Lebanon (1989),43 Ohio St.3d 188, 189. Since the amended version of R.C. 2953.23
does not indicate that it was intended to have retroactive application, R.C. 1.48 mandates that it apply prospectively.
By citing R.C. 1.48, appellant is apparently claiming that the application of the current version of R.C. 2953.23 to his second petition would be retroactive in nature. We disagree. The provisions of the current version of R.C. 2953.23 are triggered by the filing of a postconviction relief petition after the expiration of the period prescribed in R.C. 2953.21(A) or a second or successive petition. Given that the amended version of R.C.2953.23 took effect on September 21, 1995, any second or successive petition for postconviction relief filed after that date is governed by its amended statutory terms. By definition, therefore, the current version of R.C. 2953.23 is being prospectively applied to appellant's second petition since it was filed on December 18, 1997.
The other statute cited by appellant is R.C. 1.58. It reads in part:
 "(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
 "(1) Affect the prior operation of the statute or any prior action taken thereunder;
 "(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;
 "(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
 "(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended."
 Appellant invokes R.C. 1.58 to support the proposition that a remedy for constitutional error at trial (e.g., a postconviction relief petition) must continue in force as if the statute had not been amended. Since he was tried and convicted in March 1993, appellant claims that the version of R.C. 2953.23
in effect at that time is still available to him to redress the alleged violation of his constitutional rights resulting from the prosecution's suppression of the report made by Dr. Challener.
Appellant's argument, however, must again fail for the simple reason that he did not invoke his statutory right to file a second or successive petition until December 18, 1997. Until that date, appellant had not exercised his right to file such a petition. Thus, R.C. 1.58 has no application in this context.
It should be noted that appellant has cited no case law to support his position that the prior version of R.C. 2953.23
governs his second petition for postconviction relief because he was convicted before the statute was amended on September 21, 1995. Moreover, this court has previously held that the current versions of both R.C. 2953.21 and 2953.23, as amended by S.B. 4 on September 21, 1995, are applicable to a petitioner who was convicted prior to that point in time and who subsequently files a postconviction relief petition after the effective date of the amendments. See State v. Carson (Dec. 4, 1998), Ashtabula App. No. 97-A-0081, unreported, at 6, 1998 Ohio App. LEXIS 5822.
Indeed, on a number of occasions we have applied the amended version of R.C. 2953.23 to petitioners who were convicted prior to September 21, 1995. See, e.g., State v. Kiraly (May 14, 1999), Geauga App. No. 98-G-2145, unreported, 1999 Ohio App. LEXIS 2193;State v. Watters (Dec. 26, 1997), Trumbull App. No. 96-T-5606, unreported, 1997 Ohio App. LEXIS 5863; State v. Linville (Sept. 26, 1997), Lake App. No. 96-L-015, unreported, 1997 Ohio App. LEXIS 4410. Other courts have done likewise. See, e.g., State v.Dorsey (Dec. 9, 1998), Summit App. Nos. 19012 and 19026, unreported, 1998 Ohio App. LEXIS 5853; State v. Czaplicki (May 29, 1998), Montgomery App. No. 16589, unreported, 1998 Ohio App. LEXIS 2325.
Thus, the trial court did not err by applying the current version of R.C. 2953.23 to appellant's second petition for postconviction relief. The third assignment lacks merit.
In his fourth and final assignment of error, appellant postulates that the amended version of R.C. 2953.23 is unconstitutional and that the trial court erred by applying its provisions to his second petition. Specifically, appellant contends that the "clear and convincing evidence" standard of R.C.2953.23(A)(2) is in conflict with the following decisions of the United States Supreme Court regarding criminal discovery violations: (1) Brady v. Maryland (1963), 373 U.S. 83; (2) UnitedStates v. Bagley (1985), 473 U.S. 667; and (3) Kyles v. Whitley
(1995), 514 U.S. 419. In essence, appellant argues that requiring the petitioner to show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense" is unconstitutional because it establishes a higher burden of proof than the standard for demonstrating a Brady violation as set forth by the United States Supreme Court in the foregoing cases.
Upon review, we conclude that this issue has been waived because appellant did not properly preserve the alleged error. Appellant did not raise the question of the constitutionality of R.C. 2953.23(A)(2) in his postconviction relief petition. After the state responded with its motion to dismiss the petition, appellant obtained leave of the trial court to file a reply brief. In this brief, appellant merely touched upon the issue by suggesting that R.C. 2953.23(A)(2) may be in conflict with United States Supreme Court case law.
Appellant, however, never requested that the trial court rule on the constitutionality of R.C. 2953.23. In State v. Awan
(1986), 22 Ohio St.3d 120, syllabus, the Supreme Court of Ohio held as follows:
 "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."
 The waiver doctrine embodied by Awan is discretionary. In re M.D. (1988), 38 Ohio St.3d 149, syllabus. Even where there has been a clear waiver, an appellate court reserves the right to consider a constitutional challenge to the application of a statute. Although appellate courts retain the discretion to review a claimed denial of constitutional rights not raised below, such discretion will ordinarily not be exercised to review a claim where the right sought to be vindicated was in existence prior to or at the time of trial. Awan, 22 Ohio St.3d at 123.
In this case, appellant never expressly asked the trial court to address whether R.C. 2953.23 is unconstitutional. After vaguely asserting that R.C. 2953.23(A)(2) may be unconstitutional, appellant simply proceeded to argue that his second petition nevertheless met the requirements of the statute. Pursuant toAwan, we conclude that the issue was waived. See State v. 1981Dodge Ram Van (1988), 36 Ohio St.3d 168, 171 (holding that "[t]o apply Awan means to apply the doctrine of waiver"). In doing so, we decline to exercise discretion to review the constitutionality of R.C. 2953.23(A)(2) when appellant failed to assert this argument properly in the trial court.
The fourth assignment is not well-founded.
Based on the foregoing analysis, the assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed.
FORD, P.J., NADER, J., concur.