This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Jesse Hamilton has appealed from a decision of the Summit County Court of Common Pleas that denied his motion for findings of fact and conclusions of law. This Court affirms.
 I {¶ 2} In 1989, after a jury trial, Appellant was convicted of two counts of rape and sentenced to consecutive terms of five to twenty-five years and seven to twenty-five years imprisonment.
 {¶ 3} Since Appellant's conviction in 1989, he has filed a direct appeal, numerous petitions for post-conviction relief, motions for new trial, and other post-conviction motions. At issue here, however, are Appellant's successive petitions for post-conviction relief. As of April 19, 2001, Appellant has filed six petitions for post-conviction relief. The trial court denied each petition, and Appellant appealed the last five petitions to this Court. On each occasion, we affirmed the trial court's denial of Appellant's petition. See State v. Hamilton (Jan. 23, 1991), 9th Dist. No. 14695; State v. Hamilton (1992), 80 Ohio App.3d 589;State v. Hamilton (May 8, 1996), 9th Dist. No. 17478; State v. Hamilton
(Dec. 1, 1999), 9th Dist. No. 19214, appeal not allowed (2000),88 Ohio St.3d 1444. Specifically, this case concerns Appellant's sixth petition for post-conviction relief, which was filed on April 19, 2001, and supplemented on October 12, 2001. The trial court denied the petition on December 27, 2001. Appellant filed an appeal, but this Court dismissed the appeal on the ground that it was untimely filed.
 {¶ 4} On May 8, 2002, Appellant filed a "Motion for finding of fact and conclusion of law conforming to R.C. 2953.21," in which he requested that the court accept his motion "under [R.C. 2953.21] which mandates that the trial court make a finding of fact and conclusion of law as to the reasons for the [dismissal of] and as to the grounds for relief relied upon in a petition for post-conviction relief [filed on April 19, 2001]." The trial court denied the motion on October 25, 2002, and explained:
 "[Appellant] is now trying to bootstrap a new appeal from the denial of the sixth petition (or maybe all [six petitions filed by Appellant]) through the instant motion. [Appellant's] motion is nothing but a rehash of the previously filed motions. The Court finds [Appellant's] latest motion to be frivolous and orders it stricken from the record." (Emphasis omitted.)
 {¶ 5} Appellant has timely appealed, asserting six assignments of error, which have been consolidated to facilitate review.
 II Assignment of Error Number One "APPELLANT'S FILINGS OF PETITIONS INTO THE COURT OF COMMON PLEAS WAS NOT FRIVIOLOUS WHEN [R.C. 2953.23] ALLOWED FOR THE FILING OF A SECOND OR SUCCESSIVE PETITIONS."
 Assignment of Error Number Two "THE TRIAL COURT [ERRED] BY DISMISSING WITHOUT AN EVIDENTIARY HEARING APPELLANT'S [POST-CONVICTION] PETITIONS, STATING THE PETITIONS ARE FRIVILOUS, A VIOLATION OF THE APPELLANT'S RIGHTS AS GRANTED BY [R.C. 2953.23] AND A VIOLATION OF DUE PROCESS OF LAW UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."
 Assignment of Error Number Three "[THE] TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF [APPEALLANT] BY DISMISSING APPELLANT'S POST-CONVICTION PETITION WITHOUT AN EVIDENTIARY HEARING WHEN APPELLANT ALLEGED SUFFICIENT OPERATIVE FACTS, SUPPORTED BY DOCUMENTARY EVIDENCE WHICH WOULD HAVE RENDERED APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CREDIBLE."
 Assignment of Error Number Four "IN OHIO, ON A MOTION FOR POST-CONVICTION RELIEF FROM JUDGMENT, THE TRIAL COURT IS REQUIRED BY [R.C. 2953.21] TO REVIEW AND ADDRESS THE PETITIONER'S CLAIM THAT HIS CONVICTION IS VOID AND IF SUCH A PETITION IS DISMISSED, THEN THAT COURT MUST MAKE AND FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO SUCH DISMISSAL."
 Assignment of Error Number Five "POST-CONVICTION REMEDIES DO NOT GOVERN A POST-SENTENCE MOTION FOR NEW TRIAL CITING NEWLY DISCOVERED EVIDENCE OR MOTION FOR JUDICIAL RELEASE TO CORRECT A MANIFEST INJUSTICE."
 Assignment of Error Number Six "[THE] TRIAL COURT ERRED BY DISMISSING WITHOUT AN EVIDENTIARY HEARING [APPELLANT'S] POST-CONVICTION PETITION WHEN [APPELLANT] SUBMITTED RECORDS THAT WERE DE HORS THE RECORD. RECORDS THAT SHOULD BE ACCEPTED AS TRUE AND PRESENTED SUFFICIENT PRIMA FACIE EVIDENCE TO SUSTAIN A HEARING."
 {¶ 6} In Appellant's six assignments of error, he has essentially argued that: (1) he was allowed to file successive petitions pursuant to R.C. 2953.23, and therefore the trial court erred by denying each petition based on the doctrine of res judicata; (2) the trial court should have held an evidentiary hearing to discuss the sufficiency of the new evidence Appellant presented in his second petition for post-conviction relief; (3) the trial court was required to make findings of fact and conclusions of law when it dismissed Appellant's sixth petition for post-conviction relief; and (4) the trial court applied the wrong standard of review when it dismissed Appellant's sixth petition for post-conviction relief.
 {¶ 7} As an initial matter, we note that most of Appellant's arguments are not based upon the trial court's denial of his motion for findings of fact and conclusions of law. Rather, Appellant has presented this Court with arguments as to why his successive petitions for post-conviction relief should not have been denied. These arguments are improper because Appellant has already appealed the trial court's denial of his second and sixth petitions for post-conviction relief; this Court either affirmed the trial court's decision or dismissed the appeal as untimely. Appellant cannot now present the same arguments that he presented in his prior appeals; the doctrine of res judicata bars this Court from reviewing those arguments. See State v. Dimitrov, 8th Dist. No. 76986, 2002-Ohio-2350, at ¶ 2, appeal denied, 96 Ohio St.3d 1514,2002-Ohio-4950 ("Res judicata will be applied to bar the further litigation of issues that were either raised or could have been raised through a prior appeal."). As such, this Court will only address those arguments that concern the denial of Appellant's motion for findings of fact and conclusions of law.
 {¶ 8} Petitions for post-conviction relief are governed by R.C.2953.21. Specifically, the statute provides that when a trial court denies a petition for post-conviction relief without a hearing, it is required to issue findings of fact and conclusions of law. R.C. 2953.21(G). The requirement that a trial court make findings of fact and conclusions of law is essential in order to prosecute an appeal. State v. Mapson
(1982), 1 Ohio St.3d 217, 219.
 "Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." Mapson, 1 Ohio St.3d at 219.
 {¶ 9} In the instant case, Appellant filed a motion for findings of fact and conclusions of law, in which he requested that the trial court comply with R.C. 2953.21(G) and make such findings with respect to his sixth petition for post-conviction relief. This motion was filedafter he had already appealed the denial of his sixth petition for post-conviction relief. Because the motion was filed after this Court denied his appeal, it is clear that Appellant's purpose for filing the motion was not in order to facilitate "any meaningful judicial review." Rather, Appellant's motion was improperly used as another way for him to argue why his sixth petition (and prior petitions) for post-conviction relief should not have been denied; Appellant argued that the doctrine of res judicata should not have been applied to his successive petitions for post-conviction relief.
 {¶ 10} In any event, we conclude that the trial court was not required to make findings of fact and conclusions of law when it denied Appellant's sixth, successive petition. See State ex rel. Jennings v.Nurre (1995), 72 Ohio St.3d 596, 597-98 (holding that a trial court is not required to make findings of fact and conclusions of law on successive petitions for post-conviction relief); see, also, State exrel. Luna v. McGimpsey (1996), 74 Ohio St.3d 485, 486. Therefore, the trial court did not err when it denied his motion. Appellant's assignments of error lack merit.
 III {¶ 11} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
BATCHELDER, J. CONCURS