OPINION
{¶ 1} Petitioner Mark Ferrell appeals the judgment of the Court of Common Pleas of Stark County, Ohio, which dismissed his petition for post-conviction relief. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court error [sic] and commited [sic] prejudice [sic] error in failing to file finding [sic] of facts and conclusions of law as required by R.C. 2953.21(C)(G)."
 {¶ 3} The record indicates appellant was convicted and sentenced on three counts of rape with force specifications in violation of R.C.2907.02, three counts of felonious sexual penetration with specifications in violation of R.C. 2907.12, and four counts of gross sexual imposition in violation of R.C. 2907.05, perpetrated against two step children under the age of thirteen. This court affirmed the conviction and sentence on direct appeal, see State v. Ferrell March 9, 1998, Stark Appellate No. 1997-CA-00005. Appellant then filed a petition for post-conviction relief in May of 1998. The trial court dismissed the petition without a hearing, see State v. Ferrell, August 21, 1998, Stark County Common Pleas No. 1998-MI-000045. Appellant did not appeal this judgment.
 {¶ 4} Appellant filed this petition for post-conviction relief on August 15, 2002, and the trial court dismissed this petition.
 {¶ 5} Appellant argues the trial court was required to issue findings of fact and conclusions of law. R.C. 2953.23 governs petitions for post-conviction relief. Pursuant to statute, a trial court may not entertain a second petition unless both the following apply: (1) either the petitioner is unavoidably prevented from discovery of the facts upon which he must rely or the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation; and the petitioner shows by clear and convincing evidence that but for constitutional error at trial, no reasonable factfinder will find him guilty of the offense of which he was convicted.
 {¶ 6} In State ex rel. Luna v. McGimpsey, 74 Ohio St.3d 485,1996-Ohio-85, 659 N.E.2d 1278, the Ohio Supreme Court held a trial court need not make findings of fact and conclusions of law on successive petitions for post-conviction relief, even if the petitioner's facts and legal arguments were not the same as those raised in a previous petition. Luna concerned an application for writ of mandamus, but the Supreme Court found the trial court's decision was discretionary, and thus, the petitioner was not entitled to a writ of mandamus. The Supreme Court found, instead, the petitioner has an adequate remedy of the law by way of appeal.
 {¶ 7} The trial court's judgment entry states it reviewed all relevant matters and records, and concluded the matter did not require a hearing.
 {¶ 8} It appears appellant has not met the basic thresholds which would permit the trial court to review the petition. Appellant has not cited a constitutional right, recognized by the United States Supreme Court, which would apply retroactive to his situation. Nor has he demonstrated he was unavoidably delayed in obtaining evidence upon which to base his petition, see State v. Hurst (January 10, 2000), Stark Appellate No. 1999-CA-00171.
 {¶ 9} This court may not reverse a discretionary ruling unless we find the trial court abused its discretion. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 10} We find the trial court did not err in failing to make findings of fact and conclusions of law. Accordingly, the assignment of error is overruled.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.