[Cite as *State ex rel. Scales v Fuller*, 2025-Ohio-3310.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL.<br>MARCI L. SCALES FNA MAYNARD,<br><br>      Relator<br><br><br>-vs-<br><br><br>HON. RANDALL G. FULLER, JUDGE<br><br>      Respondent | Case No. 25 CAD 06 0048<br><br>Opinion And Judgment Entry<br><br>Original Action<br><br>Judgment:  Dismissed<br><br>Date of Judgment Entry: September 12, 2025 |

**BEFORE:** KEVIN W. POPHAM; WILLIAM B. HOFFMAN; ROBERT G. MONTGOMERY, Appellate Judges

**APPEARANCES:** CARRIE M. VARNER, for Relator; MELISSA A. SCHIFFEL, A. CASE THOMPSON, CHRISTOPHER D. BETTS, & MICHAEL D. BULL for Respondent.

OPINION

*Popham, J.*

{¶1}   On June 24, 2025, Relator Marci L. Scales, formerly known as Maynard, filed a Complaint for Writ of Mandamus.[1] Scales seeks to compel the Delaware County

---

[1] Prior to filing this action, on May 9, 2025, Scales filed a Complaint for Writ of Procedendo and Mandamus, Delaware Case No. 25 CAD 05 0034. That original action remains pending because service of process has not been completed on Respondent Judge Randall Fuller. *See* Delaware County Clerk of Courts, *Scales v. Judge Randal (sic) Fuller*, https://clerkofcourts.co.delaware.oh.us/ (accessed Aug. 28, 2025).

Court of Common Pleas, Domestic Relations Division, to rule upon or reverse certain rulings made by the magistrate[2] and/or Respondent Judge Randall D. Fuller. She further alleges judicial bias against Judge Fuller and requests the removal of the current guardian ad litem. Although Scales does not specifically identify the case to which her requested relief pertains, it is presumed to be Delaware Case No. 13 DR A 10 0472, a matter in which she is a party.

{¶2} For the reasons set forth below, we conclude Scales is not entitled to mandamus relief and therefore grant Judge Fuller's Amended Motion to Dismiss under Civ.R. 12(B)(6).

## I. Background

{¶3} Scales petitions for mandamus relief primarily due to her dissatisfaction with Judge Fuller's rulings on a series of motions filed in her ongoing domestic relations case. She contends Judge Fuller has demonstrated bias and mishandled procedural aspects of her case. In particular, Scales challenges the following rulings: (1) denial of her request to permit virtual testimony from professional witnesses, (2) denial of a motion to broadcast and record custody proceedings, (3) denial of her right to present critical witnesses, including doctors, counselors, and school officials, (4) denial of what she characterizes as "full and fair" discovery, and (5) denial of adequate discovery due to the issuance of a condensed and prejudicial discovery schedule. Scales also claims Judge Fuller is biased and arbitrary in his decision-making.

---

[2] Scales did not name the magistrate as a party to this original action even though she challenges some of the magistrate's decisions.

{¶4} On July 15, 2025, Judge Fuller filed a Motion to Dismiss and one day later, filed an Amended Motion to Dismiss. Scales filed a Memorandum Contra on July 28, 2025. On August 13, 2025, Judge Fuller filed his Reply Brief in support of the Amended Motion to Dismiss.

## II. Analysis

### A. Mandamus elements and Civ.R. 12(B)(6) standard

{¶5} "Mandamus is an extraordinary remedy, to be issued with great caution and discretion and only when the way is clear." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977). "To be entitled to a writ of mandamus, a relator must carry the burden of establishing that he or she has a clear legal right to the relief sought, that the respondent has a clear legal duty to perform the requested act, and that the relator has no plain or adequate remedy in the ordinary course of law." *State ex rel. Van Gundy v. Indus. Comm.*, 2006-Ohio-5854, ¶ 13. Relator has the burden of establishing all three elements by clear and convincing evidence. *State ex rel. Mars Urban Solutions, L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2018-Ohio-4668, ¶ 6.

{¶6} Judge Fuller requests dismissal of Scales's petition under Civ.R. 12(B)(6). The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995). In order for a case to be dismissed for failure to states a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10.

*B. Scales cannot satisfy the required elements for mandamus relief.*

{¶7}     Scales disagrees with Judge Fuller's evidentiary and procedural rulings in her domestic relations case, but mandamus cannot be used as a substitute for an appeal. *State ex rel. Hill v. Navarre*, 2020-Ohio-4274, ¶ 8, citing *State ex rel. Cowell v. Croce*, 2019-Ohio-2844, ¶ 6. Scales acknowledges this point of law but states at page 18 of her Complaint for Writ of Mandamus that "this Court can direct that justice be done with advice in how it should be done."

{¶8}     Scales further maintains she cannot effectively appeal so many procedural errors without losing years of her ability to be a parent in the lives of her children. Therefore, Scales contends that seeking justice after the fact would be ineffective and the damage caused by the delay would be uncorrectable. Scales concludes her complaint by arguing the merits of each ruling made by Judge Fuller or the magistrate, as if these matters are currently pending before this Court on direct appeal.

{¶9}     We decline to address the merits of Judge Fuller's or the magistrate's decisions by way of mandamus relief. Each of the matters Scales raises—including rulings on discovery, the presentation of witnesses, and whether testimony may be given virtually—are discretionary judicial determinations reviewable on direct appeal, not by extraordinary writ.

{¶10}  In *State ex rel. Luna v. McGimpsey*, 74 Ohio St.3d 485, 486 (1996), the Ohio Supreme Court explained that "[a] writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. *Id*. at 486, citing *State ex rel. Jennings v. Nurre*, 72 Ohio St.3d 596, 598 (1995), citing *State ex rel. Keenan Calabrese*, 69 Ohio St.3d 176, 180 (1994), *rev'd on other grounds*; R.C. 2731.03. Because Scales has an

adequate remedy in the ordinary course of law through the appellate process and mandamus may not be used to control judicial discretion, she cannot state a claim for the requested mandamus relief.

C. *Removal of the guardian ad litem may not be accomplished by a mandamus action.*

{¶11} Scales seeks removal of the guardian ad litem appointed in her domestic relations matter. The appointment of a guardian ad litem rests within the discretion of the trial court. *Beatley v. Beatley*, 2003-Ohio-4375, ¶ 7.

{¶12} Here, Scales moved for the removal of the guardian ad litem, and the magistrate denied her request, noting that she previously made similar attempts to remove the guardian ad litem all of which were denied on March 16, 2021; October 11, 2019; March 11, 2022; and December 5, 2023. *See* Exh. G, attached to Complaint. Thereafter, Scales filed three additional motions again attempting to have the guardian ad litem removed from the case. Judge Fuller denied these motions as well. *See* Exh. H(a), attached to Complaint. Dissatisfied with these results in the domestic relations court, Scales now seeks the guardian ad litem's removal through this original action in mandamus.

{¶13} However, such relief cannot be granted through mandamus relief because Scales has an adequate remedy at law by way of an appeal. Therefore, this mandamus action is not the proper mechanism to challenge the denial of her request to remove the guardian ad litem.

D. *Scales's request for mandamus relief as to alleged pending motions is moot.*

{¶14} Scales maintains she filed three separate motions that remain pending, without a decision. They include the following: (1) Motion of Defendant (sic) Request For a Stay and Set Aside of the Magistrate's Order Reappointing the Guardian Ad Litem filed on October 11, 2024, (2) Motion of Defendant to Stay and Set Aside Magistrate's Order Denying Defendant's Motion to Appoint Guardian Ad Litem Other Than the Guardian Ad Litem Appointed, filed on March 14, 2025, and (3) Motion of Defendant to Stay and Set Aside Magistrate's Order Denying Defendant's Motion to Appoint Guardian Ad Litem other than the Guardian Ad Litem Appointed, filed on March 14, 2025.

{¶15} "Generally, a court is limited to the complaint when deciding a motion to dismiss for failure to state a claim. *Thompson v. Cent. Ohio Cellular, Inc.*, 93 Ohio App.3d 530, 538 (8th Dist.1994). However, a court may consider matters outside of the complaint to determine that an action is moot. *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 2002-Ohio-7041, ¶ 8; *State ex rel. Cornely v. McCall*, 2020-Ohio-6747, ¶ 20 (8th Dist.). The Supreme Court has "considered trial-court entries – attached either to a motion to dismiss or to a merit brief in a direct appeal of a Civ.R. 12(B)(6) dismissal – in determining whether a case is moot." *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 6. *See Nelson* at 228 (court of appeals "could have taken judicial notice of the mootness" of an action requesting a writ by reviewing entries attached to the respondent's motion to dismiss); *State, ex rel. Richard v. Wells*, 64 Ohio St.3d 76, 77 (1992) (relying on evidence submitted by the parties on appeal to conclude that a case was moot).

{¶16} Here, Judge Fuller attached to his Amended Motion to Dismiss copies of judgment entries that he filed addressing the set aside motions. *See* Exhibits H(a) and H(b). All three motions have been addressed by Judge Fuller prior to the filing of this original action. In her Memorandum Contra to Judge Fuller's Motion to Dismiss, Scales also claims Judge Fuller failed to rule on "orders concerning GAL reappointment, denial of independent counsel for minor children, broadcast rights, and discovery suppression . . . [and] were decided only *after* the Writ was filed – demonstrating judicial delay that directly prejudiced her ability to prepare for trial." (Emphasis original, *see* Memorandum Contra, p. 6.)

{¶17} "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (Cleaned up.) *Cornely* at ¶ 20, quoting *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Because Judge Fuller addressed all the motions Scales raised in her complaint and Memorandum Contra, Scales's claim for mandamus relief is moot.

E. *Scales is not entitled to disqualification of Judge Fuller based on bias.*

{¶18} In her complaint, Scales maintains Judge Fuller's "selective and one-sided enforcement of procedural rules, refusal to rule on motions, and tolerance of obstructive conduct by opposing counsel reflect judicial bias and a denial of impartial adjudication ..." *See* Complaint, p. 4. Scales explains in her Memorandum Contra that she does not seek disqualification of Judge Fuller but instead "seeks *relief from constitutional violations arising from patterns of bias that have infected the proceedings.*" (Empasis original, *see* Memorandum Contra, p. 5.)

{¶19} We are uncertain what relief Scales requests regarding her claim of judicial bias. However, as Judge Fuller points out in his Amended Motion to Dismiss, Scales previously filed three separate affidavits on April 29, 2022; March 6, 2025; and June 11, 2025, with the Ohio Supreme Court, seeking his disqualification under R.C. 2701.03. All three requests for disqualification were denied.

{¶20} Finally, this Court lacks jurisdiction to address whether Judge Fuller should be disqualified under R.C. 2701.03. Disqualification of a common pleas court judge must be sought in the Ohio Supreme Court. R.C. 2701.03(A). Therefore, Scales is not entitled to disqualify Judge Fuller through this mandamus action.

### III. Conclusion

{¶21} Because Scales has an adequate remedy in the ordinary course of the law by way of appeal, and because the extraordinary writ of mandamus cannot be used to control judicial discretion or seek disqualification of a judge, Scales has failed to state a claim upon which relief can be granted. Accordingly, Judge Randall Fuller's Amended Motion to Dismiss is granted, and the Complaint for Writ of Mandamus is dismissed.

{¶22} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶23} RESPONDENT'S MOTION TO DISMISS IS GRANTED.

{¶24} RELATOR'S COMPLAINT FOR WRIT OF MANDAMUS IS DISMISSED.

{¶25} COSTS TO RELATOR.

{¶26} IT IS SO ORDERED.

For the reasons stated in our accompanying Opinion, the Relator's Complaint for Writ of Mandamus is dismissed.

Costs to Relator.

By: Popham, J.

Hoffman, P.J. and

Montgomery, J. concur.