GAUSE, APPELLANT, *v.* ZALESKI, JUDGE, APPELLEE.

[Cite as *Gause v. Zaleski* (1999), 85 Ohio St.3d 614.]

(No. 99–75—Submitted April 19, 1999—Decided June 16, 1999.)

*Vernon A. Gause, pro se.*

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum,* Assistant Prosecuting Attorney, for appellee.

***Per Curiam.*** In his sole proposition of law, Gause asserts that his sentencing court erred in dismissing his postconviction relief petitions without first conducting evidentiary hearings. For the following reasons, Gause's assertion does not establish that the court of appeals erred in dismissing part of his mandamus action and denying the remainder.

First, Gause had an adequate remedy at law by appeal to raise his claim that his sentencing court erred in not conducting evidentiary hearings before dismissing his postconviction relief petitions. *State ex rel. Luna v. McGimpsey* (1996), 74 Ohio St.3d 485, 486, 659 N.E.2d 1278, 1279; R.C. 2953.23(B).

Second, Gause was not entitled to findings of fact and conclusions of law on Judge Zaleski's judgments denying his first and second petitions for postconviction relief because those judgments satisfied the requirement for findings of fact and conclusions of law. *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 19–20, 530 N.E.2d 1330, 1330–1331.

Finally, Gause was not entitled to findings of fact and conclusions of law on Judge Zaleski's judgment denying his second and third postconviction relief actions because Judge Zaleski was not required to file findings of fact and conclusions of law on successive postconviction relief petitions. *State ex rel. Jennings v. Nurre* (1995), 72 Ohio St.3d 596, 597–598, 651 N.E.2d 1006, 1007–1008; *Luna*, 74 Ohio St.3d at 486, 659 N.E.2d at 1278–1279.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.