OPINION AND JOURNAL ENTRY
This case involves an original action to this court on a Petition for Writ of Mandamus by the relator and a subsequent Motion to Dismiss by the respondent. Relator notes that he had filed a Motion to Vacate Void Judgment on September 4, 1997 and a Petition for Post Conviction Relief on February 11, 2000 to the trial court. Relator alleges that the trial court's refusal to issue "Findings of Fact and Conclusions of Law" in response to these filings dictate that this Court order the trial court to issue Findings of Fact and Conclusions of Law.
The facts indicate that following a jury trial, relator was found guilty of murder, in violation of R.C. 2903.02(A), along with an attendant firearms specification. The trial court rendered judgment on the jury verdict and appellant was sentenced to an indefinite incarceration term of not less than fifteen years nor more than life. Relator filed a notice of appeal on May 27, 1988. This Court affirmed the jury verdict and the sentence rendered thereon by the trial court on June 21, 1989.
On May 27, 1988, relator filed a petition for post conviction relief with the trial court. The trial court denied this petition on September 27, 1988.
On September 4, 1997, relator filed an emergency motion to vacate a void judgment. The basis of this motion was that the grand jury votes were not properly filed. On September 26, 1997, the trial court denied relator's motion. On February 2, 1998, relator filed a mandamus action in this court to compel the trial court to rule on his September, 1997 motion. On March 3, 1998, this court dismissed the mandamus petition noting that respondent had ruled on relator's motion.
On February 19, 1998, in case no. 98 C.A. 33, relator appealed the trial court's denial of his September 4, 1997 motion. In this appeal relator alleged that the trial court abused its discretion in dismissing relator's motion of September 4, 1997 to vacate a void judgment and grant an evidentiary hearing. On June 3, 1999, this court found relator's assignment of error to be without merit and affirmed the judgment of the trial court. On September 1, 1999 the Ohio Supreme Court dismissed relator's appeal of that decision.
On February 11, 2000 relator again filed a petition for post conviction relief in the trial court, alleging "there was no findings of fact and conclusions of law rendered" in his petition of September 4, 1997. On February 25, 2000 respondent dismissed relator's petition.
Relator is now before this court requesting that this court order respondent to issue findings of fact and conclusions of law in response to relator's motions of September 4, 1997 and February 11, 2000. Relator also asserts in his March 16, 2000 Motion to Strike and Dismiss filed in this case that "This Honorable Court did not reach the merits of Relator's assertions on appeal."
Relator's allegations are without merit.
Although the trial court's September 27, 1988 denial of relator's May 27, 1988 Petition for Post Conviction relief may not fulfill the requirement of being considered findings of fact and conclusions of law, the trial court's September 26, 1997 judgment entry does fulfill those objectives. In that entry the trial court noted that:
 "The Petitioner's motion is overruled as O.R.C. § 2941.08
provides that an indictment is not rendered invalid or the judgment impacted by `defects or imperfections which do not tend to prejudice the substantial rights of a defendant upon the merits.'
 "Further, the motion of this Petitioner is not timely as O.R.C. §§ 2941.09 requires that any objections to the indictment must be filed prior to trial.
 "Finally, O.R.C. § 2945.83 precludes granting a new trial or setting aside a verdict solely due to inaccuracies or imperfections in the indictment so long as `the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him.'
 "The Petitioner has failed to demonstrate prejudice or that his substantial rights were violated. As a result the Petitioner's motion is denied."
Clearly the court's entry addresses the basis and the law upon which the trial court based its judgment.
As noted by the respondent the findings, "* * * need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion."State v. Calhoun (1999), 86 Ohio St.3d 279, 291.
Also, there is no requirement that the trial court label its entry "Findings of Fact and Conclusions of Law." State exrel. Carrion v. Harris (1988), 40 Ohio St.3d 19.
In addition relator's assertion that this court did not reach the merits of relator's assertions on appeal in its June 3, 1999 judgment entry and opinion is without merit. In that opinion this court stated, in part:
 "Even assuming arguendo that we were able to reach the merits of appellant's argument on appeal, same would nonetheless fail as it is not well-taken.
 "Although appellant's brief on appeal is convoluted and difficult to understand, he purportedly claims that the trial court lacked jurisdiction to enter a judgment of conviction against him. Appellant bases his contention upon the belief that the grand jury had an inadequate number of votes to support his indictment. As a result, appellant maintains that his due process rights were violated. Appellant argues that if the grand jury voting record was not properly filed, such failure would render his conviction void. Citing to The Lincoln Tavern, Inc. v. Snader, et al. (1956), 165 Ohio St. 61, appellant argues that the lack of an adequate number of grand jury votes to support an indictment constitutes a fundamental defect which cannot be waived and constitutes plain error, thereby affecting a substantial right. Appellant concludes that the trial court had knowledge of the fundamental defect at issue and as such, abused its discretion in denying his motion to vacate a void judgment.
 "Appellant further complains that compounding the abuse of discretion on the part of the trial court in denying his motion, was the fact that the trial court denied him due process of law in failing to provide him with an opportunity to be heard on his motion.
 "The entire basis of appellant's claim lacks merit. Crim.R. 6(C) provides that the foreman of a grand jury is required to keep a voting record and is further required to file this record with the court. In State v. Williams (1997), 79 Ohio St.3d 1, the Ohio Supreme Court held that the failure to follow statutory grand jury procedure does not automatically require the reversal of a conviction. The Ohio Supreme Court further emphasized that an irregularity in procedure does not mandate a reversal of a conviction if a substantive right is not affected. Williams, supra at 16.
 "Appellant's assertion that the trial court erred in denying his motion to vacate a void judgment, as well as his contention that his constitutional rights were violated, are not supported by the evidence as set forth in the record. Appellant fails to point to any specific manner in which the alleged failure to file the grand jury votes constituted prejudice towards him."
Thus, relator has received his findings of fact and conclusions of law in the trial court's September 26, 1997 judgment entry. Also, the underlying basis of that motion by the relator has been addressed by this court in our June 3, 1999 opinion. Since the relator has received his findings of fact and conclusions of law, and his underlying alleged errors have been addressed, his petition for post conviction relief of February 11, 2000 constitutes successive petitions. The trial court is "not required to file findings of fact and conclusions of law on successive post conviction relief petitions." Gause v.Zaleski (1999), 85 Ohio St.3d 614.
For a writ of mandamus to be granted, the relator must demonstrate: (1) that the relator has no plain and adequate remedy in the ordinary course of law; (2) that the respondent is under a clear legal duty to perform some act or acts; and (3) that relator has a clear legal right to the relief prayed for. See State exrel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
Relator, in this instance, had a plain and adequate remedy in the ordinary course of law by raising the issue of the grand jury vote during his initial appeal to this court. Respondent is not required to issue successive findings of fact and conclusions of law since his September 26, 1997 entry fulfilled that requirement. Next, relator has no clear legal right to the relief prayed for, that being successive findings of fact and conclusions of law. Also the underlying basis of relator's petitions to the trial court has been ruled upon by this court in our June 3, 1999 opinion and is now res judicata.
For all the reasons cited above, relator's petition for writ of mandamus is without merit and dismissed.
Costs taxed to the relator.
HON. EDWARD A. COX, HON. GENE DONOFRIO, HON. JOSEPH J. VUKOVICH.