[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 77.]

THE STATE EX REL. REESE, APPELLANT, *v.* LISOTTO, JUDGE, APPELLEE.

[Cite as *State ex rel. Reese v. Lisotto*, 2000-Ohio-28.]

*Mandamus sought to compel common pleas court judge to issue findings of fact and conclusions of law for two rulings denying relator's postconviction petitions—Dismissal of complaint affirmed.*

(No. 00-893—Submitted July 25, 2000—Decided September 20, 2000.)

APPEAL from the Court of Appeals for Mahoning County, No. 00CA48.

_____

{¶ 1} In 1988, relator, Joseph Reese, Jr., was convicted of murder and an accompanying firearm specification and sentenced to an indefinite prison term of fifteen years to life. On appeal, the judgment was affirmed. *State v. Reese* (June 21, 1989), Mahoning App. No. 88CA104, unreported, 1989 WL 71076, appeal dismissed, *State v. Reese* (1989), 45 Ohio St.3d 708, 544 N.E.2d 696.

{¶ 2} In 1988, the Mahoning County Court of Common Pleas denied an initial petition for postconviction relief filed by Reese.

{¶ 3} In September 1997, Reese filed a second postconviction action in the common pleas court to vacate his judgment of conviction and sentence. Reese claimed that the judgment was void because the grand jury votes for his indictment were not filed. Appellee, Judge Robert Lisotto, entered a judgment denying the motion. In the judgment, Judge Lisotto specified the pertinent facts as well as the legal conclusions mandating denial of Reese's motion. On appeal, the court of appeals found Reese's claims to be meritless and affirmed Judge Lisotto's judgment. *State v. Reese* (June 2, 1999), Mahoning App. No. 98CA33, unreported, 1999 WL 397917, appeal dismissed, *State v. Reese* (1999), 86 Ohio St.3d 1463, 715 N.E.2d 566.

**{¶ 4}** In February 2000, Reese filed a third petition for postconviction relief in the common pleas court. Judge Lisotto dismissed the petition.

**{¶ 5}** In March 2000, Reese filed a complaint in the court of appeals for a writ of mandamus to compel Judge Lisotto to issue findings of fact and conclusions of law for his 1997 and 2000 rulings denying his postconviction relief petitions. The court of appeals granted Judge Lisotto's motion to dismiss and dismissed Reese's mandamus action.

**{¶ 6}** This cause is now before the court upon an appeal as of right.

_____

*Joseph Reese, Jr., pro se.*

*Paul J. Gains*, Mahoning County Prosecuting Attorney, and *Janice T. O'Halloran*, Assistant Prosecuting Attorney, for respondent.

_____

***Per Curiam.***

**{¶ 7}** We affirm the judgment of the court of appeals. Judge Lisotto had no duty to issue findings of fact and conclusions of law on Reese's second and third petitions for postconviction relief. *State ex rel. Fuller v. Sutula* (1999), 86 Ohio St.3d 301, 302, 714 N.E.2d 924, 924-925. And Judge Lisotto's 1997 judgment entry denying Reese postconviction relief satisfied the requirement for findings of fact and conclusions of law. *Gause v. Zaleski* (1999), 85 Ohio St.3d 614, 615, 710 N.E.2d 684, 686.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

_____

1. We also deny appellant's motion to supplement the record.