OPINION
Defendant-appellant Clayton Massey appeals from the April 4, 2001, Judgment Entry of the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 18, 1999, the Stark County Grand Jury indicted appellant on two counts of aggravated robbery in violation of R.C. 2911.01, felonies of the first degree. The two counts each contained a firearm specification. At his arraignment on March 26, 1999, appellant entered a plea of not guilty to the charges contained in the indictment.
Thereafter, on June 3, 1999, appellant withdrew his former not guilty plea and pleaded guilty to the charges contained in the indictment. As memorialized in a Judgment Entry filed on July 22, 1999, appellant was sentenced to prison for three years on each count of aggravated robbery and on each firearm specification. The trial court ordered that the three year sentences for the firearm specifications be served consecutively. The trial court further ordered that the two prison sentences for aggravated robbery be served concurrently with each other but consecutive to the terms for the firearm specifications. In short, appellant was sentenced to an aggregate prison sentence of nine years. Appellant did not appeal his conviction or sentence.
However, a Petition to Vacate or Set Aside Sentence pursuant to R.C.2953.21, which is captioned "Petition for Postconviction Relief", was filed by appellant on December 21, 1999. Appellant, in his petition, alleged that his conviction should be vacated or set aside since his attorney was working against him instead of helping him and refused to present any evidence in appellant's favor. Appellant further alleged in his petition that his attorney refused to contact any of appellant's witnesses. After appellee filed a response to appellant's petition, the trial court, pursuant to a Judgment Entry filed on May 4, 2000, denied the same.
Thereafter, appellant filed a "Motion to Dismiss Indictment Specification Based Upon a Weapons Class Discrimination" on April 4, 2001. Appellant, in his motion, argued that R.C. 2941.145, the firearm specification statute, was unconstitutional since it "was passed after the police, prosecutors, and judges convinced the Ohio Legislature that blacks more than whites use a gun to commit crimes, therefore a bill needs to be passed to cause them (blacks) to serve more time as they commit more crimes than whites." Appellant's motion was overruled by the trial court, without reason, pursuant to a Judgment Entry filed on April 9, 2001.
It is from the trial court's April 9, 2001, Judgment Entry that appellant now prosecutes his appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO PROPERLY ADDRESS THE ISSUE OF RACIAL CLASS DISCRIMINATION AND DENIAL OF RELIEF WITHOUT A [SIC] FULL FINDINGS OF FACTS AND CONCLUSIONS OF LAW VIOLATED THE RIGHT TO ACCESS TO THE COURT.
 ASSIGNMENT OF ERROR II OHIO REVISED CODE SECTION 2941.145, IS UNCONSTITUTIONAL BECAUSE IT DISCRIMINATES AGAINST AFRICAN-AMERICANS TO CONFINE THEM LONGER THEN [SIC] WHITE COUNTER PARTS.
 I
Appellant, in his first assignment of error, argues that the trial court erred when it failed to issue findings of fact and conclusions of law in denying appellant's April 4, 2001, motion.
As is stated above, appellant, on December 21, 1999, filed a request for Post Conviction Relief pursuant to R.C. 2953.21. As memorialized in a Judgment Entry filed on May 4, 2000, the trial court denied appellant's request and, in its entry, gave its reasons for doing so. Thereafter, on April 4, 2001, appellant filed a motion seeking to dismiss the indictment based upon a "weapons class discrimination."
In State v. Hill (1998), 129 Ohio App.3d 658, 660, the court noted: "[R]egardless of how a motion is captioned, `where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.'" Id. quoting State v.Reynolds (1997), 79 Ohio St.3d 158, syllabus. Appellant, by challenging the mandatory three year sentence imposed by R.C. 2941.145 for firearm specifications, is, in essence, seeking a vacation or correction of his sentence. Appellant's April 4, 2001, motion, therefore, must be construed as a postconviction petition. There is no duty to issue findings of fact and conclusions of law for successive postconviction relief petitions.State ex rel. Carroll v. Corrigan (1999), 84 Ohio St.3d 529, Gause v.Zaleski (1999), 85 Ohio St.3d 614, State ex rel. White v. Goldberry
(1996), 76 Ohio St.3d 271. Since appellant's April 4, 2001, motion was a successive postconviction petition, the trial court, therefore, did not err in failing to issue findings of fact and conclusions of law.
Accordingly, appellant's first assignment of error is overruled.
 II
Appellant, in his second assignment or error, contends that R.C.2941.145 is unconstitutional since it discriminates against African-Americans "to confine them longer than their white counterparts." R.C. 2941.145, Ohio's firearm specification law, requires an additional three year mandatory prison term for certain crimes when a defendant displays, brandishes, indicates possession, or uses a firearm to facilitate an offense.[1] Appellant, in essence, now argues that such section is unconstitutional since it was passed based on a belief that firearms are used more frequently by African-American than white criminals.
Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The doctrine of res judicata applies in determining whether postconviction relief should be granted under R.C. 2953.21 et seq. Id.
In the case sub judice, appellant's claim that R.C. 2941.145 is unconstitutional could have been raised on direct appeal or in his prior postconviction actions. Appellant, who failed to file a direct appeal, however, failed to raise such claim until now. We find, therefore, that such claim is barred by the doctrine of res judicata. Furthermore, we also find that the trial court did not err in denying appellant's April 4, 2001, motion since appellant failed to meet his burden of supporting his claim with evidentiary quality materials. See State v. Jackson
(1980), 64 Ohio St.2d 107. In fact, appellant failed to provide the trial court with any materials in support of his April 4, 2001, motion.
Appellant's second assignment of error is, therefore, overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to defendant.
Hon. Julie Edwards, P.J. Hon. John Wise, J. Hon. John Boggins, J. concurs.
[1] R.C. 2941.145 states, in part, as follows: (A) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense.