PETITION FOR WRIT OF MANDAMUS
Relator requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to the second petition for postconviction relief filed by relator in State v. Stewart,
Cuyahoga County Court of Common Pleas Case No. CR-340429 on April 18, 2001.
Respondent has filed a motion for summary judgment attached to which is a copy of the docket in Case No. CR-340429 reflecting that respondent denied the second petition by entry received for filing by the clerk on August 22, 2001. Relator has opposed the motion. He argues that findings of fact and conclusions of law are necessary and has attached a copy of the August 22, 2001 journal entry denying the second petition.
Respondent argues that relator is not entitled to relief in mandamus. We agree. "[T]there is no duty to issue findings of fact and conclusions of law for successive postconviction relief petitions. State ex rel.Carroll v. Corrigan (1999), 84 Ohio St.3d 529, 705 N.E.2d 1226; Gause v.Zaleski (1999), 85 Ohio St.3d 614, 710 N.E.2d 684; State ex rel. Whitev. Goldsberry (1996), 76 Ohio St.3d 271, 667 N.E.2d 391." State ex rel.Mubashshir v. Callahan (Apr. 6, 2000), Cuyahoga App. No. 77479, unreported, at 2. In light of this authority, relator does not have a clear legal right to relief.
The complaint also manifests several defects.
 Moreover, the petition itself is defective because it is improperly captioned. R.C. 2731.04 requires that an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying. This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226, 181 N.E.2d 270. Morton also failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, unreported, at 3. The complaint in this action does not purport to be on relation of relator.
Likewise, in the "Affidavit of Verity" accompanying the complaint, relator merely avers that he "has read, researched, and verifies all contents in the aformentioned brief To be true." (Capitalization in original.) The absence of facts specifying the details of the claim required by Loc.App.R. 45(B)(1)(a) is a ground for dismissal. See, e.g.,State ex rel. White v. Suster (Aug. 3, 2000), Cuyahoga App. No. 77894, unreported.
* * * Additionally, relator
 did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.
 State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420.
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, unreported, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C.2969.25(A). As a consequence, we deny relator's claim of indigency and order him to pay costs.
Relator "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10 (A). This may also be grounds for dismissing the action. State ex rel. Sherrills v. State
(2001), 91 Ohio St.3d 133, 742 N.E.2d 651." State ex rel. Hall v.Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, unreported, at 2.
Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
DIANE KARPINSKI, P.J., and TERRENCE O'DONNELL, J., CONCUR.