[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 410.]

THE STATE EX REL. NALLS, APPELLANT, *v.* RUSSO, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Nalls v. Russo*, 2002-Ohio-4907.]

*Writs of prohibition, mandamus, and procedendo sought in an abuse and dependency case before the Juvenile Division of the Cuyahoga Count Court of Common Pleas—Orders of reference to magistrates—Juv.R. 40—Court of appeals' denial of writs affirmed, when.*

(No. 2002-0323—Submitted July 24, 2002—Decided October 2, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 80410, 2002-Ohio-583.

_____

**Per Curiam.**

{¶1} On January 31, 2001, the Cuyahoga County Department of Children and Family Services ("CCDCFS") removed Darin Nalls ("Darin") from the home in which he was residing with his mother, appellant, Nichole D. Nalls ("Nalls"), after Nalls's other child, Danielle, had died while in her custody. On May 31, 2001, CCDCFS filed a complaint in the Cuyahoga County Court of Common Pleas, Juvenile Division, alleging that Darin was an abused and dependent child and requesting that the juvenile court grant legal custody of Darin to his father.

{¶2} Under a June 25, 1999 entry titled, "Appointment of Magistrate and Order of Reference," appellee Mark R. Majer was appointed magistrate:

{¶3} "Pursuant to Rule 40 of the Ohio Rules of Juvenile Procedure, Rule 53 of the Ohio Rules of Civil Procedure, and Sections 2151.16 and 2153.08 of the Ohio Revised Code, IT IS ORDERED that *MARK R. MAJER*, Attorney at Law, is appointed as Magistrate of this Court and is empowered and authorized to hear and recommend dispositions on official cases assigned to him as the Court shall direct. Said Magistrate has and shall exercise the power to regulate all proceedings in every

hearing before him as if by the Court and to do all acts and to take all measures necessary and proper for the efficient administration of justice and the performance of his duties pursuant to this order."

{¶4} In accordance with this order of reference, any case that is assigned to appellee Judge Joseph F. Russo of the juvenile court in which temporary custody is sought by CCDCFS is referred to Magistrate Majer as a matter of course. Consequently, Magistrate Majer was assigned to preside over the Nalls case.

{¶5} On October 15, 2001, Judge Russo and Magistrate Majer both signed an entry adjudging Darin to be a dependent child and ordering disposition to be set in accordance with the juvenile court's and the attorneys' schedules. The entry, which was journalized on October 22, 2001, contained the following introductory language:

{¶6} "This matter came on for hearing this 3rd day of October, 2001, before the Honorable Joseph F. Russo, upon the Report of Magistrate Mark R. Majer.

{¶7} "The case came before the court on a refiled complaint alleging abuse and neglect [sic, dependency] pursuant to 2151.031(D) and 2151.04(B) and (C).

{¶8} "The Magistrate finds that notice requirements have been met and that all necessary parties were present this day in court.

{¶9} "The complaint was read in open court.

{¶10} "The Magistrate explained legal rights, including the possible effect on parental rights. Mother and father have counsel.

{¶11} "The Magistrate heard testimony and accepted evidence."

{¶12} The remainder of the entry contains a procedural history of the case and an analysis of the CCDCFS allegations of abuse and dependency and concludes with the adjudication that Darin is a dependent child.

{¶13} On October 25, 2001, Nalls filed a complaint in the Court of Appeals for Cuyahoga County against appellees, Judge Russo, Magistrate Majer, and Judge Peter M. Sikora, the Ex Officio Clerk of the juvenile court. In her complaint, as

subsequently amended, Nalls prayed for a writ of prohibition to prevent Judge Russo and Magistrate Majer from exercising judicial power in the abuse and dependency proceeding and a writ of mandamus to compel Judge Sikora to strike the October 22, 2001 journal entry from the juvenile court records. In the alternative, Nalls requested a writ of procedendo to compel Magistrate Majer to prepare, sign, and file his decision in the abuse and dependency case and to compel Judge Sikora to serve copies of the magistrate's decision on all parties or their attorneys. Appellees filed a motion for summary judgment.

{¶14} On February 14, 2002, the court of appeals granted appellees' motion for summary judgment and denied the writs.

{¶15} This cause is now before the court upon Nalls's appeal as of right.

{¶16} In her appeal as of right, Nalls contends that the court erred in denying her request for writs of prohibition, mandamus, and procedendo. For the reasons that follow, we affirm the judgment of the court of appeals.

Prohibition

{¶17} Nalls asserts that she is entitled to writs of prohibition against Judge Russo and Magistrate Majer because they lack jurisdiction over the underlying proceeding. Nalls claims that they lack jurisdiction because there was no proper order of reference of the case to the magistrate and the magistrate did not file a separate decision.

{¶18} In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal. *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 447, 449-450, 727 N.E.2d 900.

{¶19} Judge Russo has basic statutory jurisdiction over the underlying abuse and dependency proceeding pursuant to Section 4, Article IV of the Ohio

Constitution and R.C. 2151.23(A)(1), and Magistrate Majer has basic jurisdiction over the proceeding under R.C. 2151.16 and Juv.R. 40.

**{¶20}** Nalls initially contends that Judge Russo and Magistrate Majer lacked jurisdiction over the abuse and dependency proceeding because there was no proper order of reference for the magistrate to be authorized to act. See *White v. White* (1977), 50 Ohio App.2d 263, 266, 4 O.O.3d 225, 362 N.E.2d 1013; *Ordway v. Ordway* (Dec. 30, 1998), Wayne App. No. 97CA006947, 1999 WL 1789.

**{¶21}** As the Court of Appeals for Cuyahoga County recently observed, however, "Juv.R. 40 and Civ.R. 53 do not specify the form of the reference order nor do they require the court to journalize an individual order of reference for each issue submitted." *In re Morales* (Apr. 12, 2001), Cuyahoga App. No. 78271, 2001 WL 370637; see, also, *White* at 267, 362 N.E.2d 1013. The language of Juv.R. 40 that is applicable here is *discretionary* rather than mandatory.[1]

**{¶22}** Nalls, however, cites *Davis v. Reed* (Aug. 31, 2000), Cuyahoga App. No. 76712, 2000 WL 1231462, in support of her contention that an order of reference must be either (1) an individual journalized order of reference in a particular case or cases, (2) a blanket, journalized order of reference in a particular type or types of cases, or (3) a local rule or rules providing for automatic reference in certain types of cases. See, also, *White*, 50 Ohio App.2d at 267, 4 O.O.3d 225, 362 N.E.2d 1013. But as *Davis* and *White* expressly acknowledge, this list of

---

1. {¶a}Juv.R. 40(C) provides:
"(1) Order of reference.
"* * *
"(b) An order of reference *may* be specific to a particular case or proceeding or *may* refer categories of motions, cases, or proceedings.
"(c) The order of reference to a magistrate *may* do all of the following:
"(i) Specify the magistrate's powers;
"(ii) Direct the magistrate to report only upon particular issues, perform particular acts, or receive and report evidence only;
"(iii) Fix the time and place for beginning and closing the hearings and for the filing of the magistrate's decision or order." (Emphasis added.)

appropriate reference orders is nonexhaustive. *Davis* ("an order of reference may be made in one of *at least* three ways"). (Emphasis added.)

{¶23} The June 25, 1999 entry here was titled in part an "Order of Reference," and expressly authorized Magistrate Majer to "hear and recommend dispositions on official cases assigned to him as the Court shall direct." The juvenile court directed Magistrate Majer to preside over the custody proceeding. Juv.R. 40 does not manifestly require any more specific journalized order of reference in addition to the general one of June 25, 1999.

{¶24} Moreover, the authorities Nalls cites to support her contention concerning no orders of reference, such as *Davis*, supra, 2000 WL 1231462, were decided by way of appeal rather than by extraordinary writ. See *State ex rel. Banc One Corp. v. Walker* (1999), 86 Ohio St.3d 169, 172, 712 N.E.2d 742 ("Significantly, most of the authorities relied on by appellants were resolved by appeal rather than by extraordinary writ").

{¶25} Nalls next contends that Judge Russo and Magistrate Majer patently and unambiguously lack jurisdiction over the custody proceeding because the October 22, 2001 entry did not constitute a separate magistrate's decision, as required by Juv.R. 40(E)(1), which provides that "[t]he magistrate shall then prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all parties or their attorneys."

{¶26} None of the cases cited by Nalls, however, holds that any error in this regard constitutes a jurisdictional defect, and in those cases, comparable claims were resolved on appeal rather than by extraordinary writ. See, e.g., *In re Bortmas* (Oct. 15, 1999), Trumbull App. No. 98-T-0147, 1999 WL 959842; *Swain v. Swain* (Nov. 22, 2000), Summit App. No. 20048, 2000 WL 1729472.

{¶27} In fact, if the jointly signed October 22, 2001 entry is considered to be, as appellees assert, Judge Russo's immediate adoption of Magistrate Majer's report under Juv.R. 40(E)(4)(c), Nalls could have filed objections to assert this

claim. Consequently, she was not necessarily prejudiced by the alleged absence of a single, separate magistrate's decision because she was still able to file objections to the entry. Cf. *Swain*, citing *Erb v. Erb* (1989), 65 Ohio App.3d 507, 510, 584 N.E.2d 807 ("An appellate court will reverse the judgment of a trial court that failed to comply with Civ.R. 53[E][1][2] if the failure prejudiced the appellant").

{¶28} Therefore, Nalls failed to establish that despite their basic jurisdiction over the abuse and dependency proceeding, Judge Russo and Magistrate Majer were patently and unambiguously divested of that jurisdiction. See *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 430, 751 N.E.2d 472. Prohibition will not issue as a substitute for appeal to review mere errors in judgment. *Brooks v. Gaul* (2000), 89 Ohio St.3d 202, 203, 729 N.E.2d 752. The court of appeals properly denied the writs of prohibition.

## Mandamus

{¶29} Nalls asserts that Judge Sikora, in his capacity as Ex Officio Clerk of the juvenile court, had a duty to strike the October 22, 2001 entry because it is void due to a patent and unambiguous lack of jurisdiction on the part of Judge Russo and Magistrate Majer.

{¶30} As previously discussed, Nalls has or had adequate remedies at law by way of timely objections and an appeal to raise her claims. The presence of these remedies precludes extraordinary relief in mandamus. *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 578, 757 N.E.2d 357; *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 393, 678 N.E.2d 549; R.C. 2731.05.

## Procedendo

{¶31} Nalls finally claims that if she is not entitled to the requested writs of prohibition and mandamus, she is alternatively entitled to a writ of procedendo to

---

2. Civ.R. 53(E)(1) contains language identical to Juv.R. 40(E)(1).

compel the magistrate to issue a separate decision pursuant to Juv.R. 40(E)(1). But as previously noted, Nalls has an adequate legal remedy to raise these issues. *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (relator must establish the lack of an adequate remedy in the ordinary course of law in order to be entitled to a writ of procedendo). And neither procedendo nor mandamus will generally issue to compel a court to release its decisions promptly. See *State ex rel. Luna v. Huffman* (1996), 74 Ohio St.3d 486, 488, 659 N.E.2d 1279, and cases cited therein. Nalls filed her action for extraordinary relief in the court of appeals only *three days* after the October 22, 2001 entry she challenges. There was no undue delay cognizable in procedendo.

### Conclusion

{¶32} Based on the foregoing, the court of appeals properly denied the writs of prohibition, mandamus, and procedendo. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Lester S. Potash, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellees.

_____