THE STATE EX REL. BUNTING, APPELLANT, *v.* HAAS, JUDGE, APPELLEE.

[Cite as *State ex rel. Bunting v. Haas,*
102 Ohio St.3d 161, 2004-Ohio-2055.]

(No. 2003–2134—Submitted April 14, 2004—Decided May 12, 2004.)

**Per Curiam.**

{¶ 1} In August 2000, the Stark County Court of Common Pleas convicted appellant, Paul Edward Bunting, of one count of rape and six counts of sexual battery and sentenced him to prison. On appeal, the court of appeals affirmed. *State v. Bunting* (May 29, 2001), Stark App. No. 2000CA00286, 2001 WL 698368. The court of appeals granted Bunting's App.R. 26(B) application to reopen his appeal to raise claims of ineffective assistance of appellate counsel. Subsequently, the court of appeals rejected Bunting's claims of error and again affirmed the judgment of the trial court. *State v. Bunting*, Stark App. No. 2000CA00286, 2002-Ohio-3594, 2002 WL 1483272, appeal not accepted for review, 97 Ohio St.3d 1469, 2002–Ohio–6347, 779 N.E.2d 236.

{¶ 2} In November 2002, Bunting filed an application to adduce newly discovered evidence in the trial court. The trial court construed Bunting's application as a petition for post-conviction relief and dismissed it.

{¶ 3} On February 3, 2003, Bunting filed a document entitled "Amendment of the Application to Adduce Newly Discovered Evidence presented as a 'Petition for Post–Conviction Relief Remedy.' " On May 14, 2003, Bunting moved for the appointment of an expert assistant for his post-conviction-relief claims. Appellee, Stark County Common Pleas Court Judge John G. Haas, denied that motion on June 3, 2003. On June 25, 2003, after the state failed to respond to his February 3, 2003 post-conviction-relief petition, Bunting moved for a ruling on the petition.

{¶ 4} On September 24, 2003, after Judge Haas failed to rule on the post-conviction-relief petition, Bunting filed a complaint in the Court of Appeals for Stark County for a writ of procedendo to compel Judge Haas to rule on his petition and to issue findings of fact and conclusions of law. Judge Haas responded to the complaint. In his response, Judge Haas conceded that he had not ruled on Bunting's February 3, 2003 petition for post-conviction relief. On October 31, 2003, the court of appeals dismissed Bunting's complaint for a writ of procedendo.

{¶ 5} We reverse in part the judgment of the court of appeals. Crim.R. 35(C) requires trial courts to rule on petitions for post-conviction relief within 180 days of filing:

{¶ 6} "The trial court shall file its ruling upon a petition for post-conviction relief, including findings of fact and conclusions of law if required by law, not later than one hundred eighty days after the petition is filed."

{¶ 7} Similarly, we have granted extraordinary relief to compel a trial court judge to rule on a post-conviction-relief petition that had been pending for 12 months because "prompt action on such petitions should be taken by the court" and the 12–month delay in that case was excessive. *State ex rel. Turpin v. Stark Cty. Court of Common Pleas* (1966), 8 Ohio St.2d 1, 2, 37 O.O.2d 40, 220 N.E.2d 670.

{¶ 8} " 'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' " *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 16, quoting *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227.

{¶ 9} From the allegations of Bunting's complaint, his procedendo claim may have merit. His trial court judge has not yet ruled on his petition although it is now over one year after Bunting filed it. Nor does the record reflect reasons for the delay. As in *Turpin*, without any evidence justifying the passage of time without a ruling, this delay appears excessive. And procedendo is the appropriate remedy to rectify a violation of the 180–day requirement of Crim.R. 35(C). Cf. *In re Davis* (1999), 84 Ohio St.3d 520, 523–524, 705 N.E.2d 1219 (procedendo is the proper remedy for a violation of the R.C. 2151.35[B][3] requirement that juvenile courts enter judgment within seven days of a dispositional hearing in a permanent custody case).

{¶ 10} This case is consequently distinguishable from those cases in which we have denied writs of procedendo to compel trial courts to rule on post-conviction-relief petitions. Cf. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 650 N.E.2d 899 (post-conviction-relief petition and motions pending for only two to three weeks when complaint for writ of procedendo filed); *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 656 N.E.2d 332 (no delay in ruling on post-conviction-relief petition when relator had filed affidavit of disqualification against judge).

{¶ 11} Therefore, the court erred in dismissing Bunting's procedendo complaint insofar as he requested a ruling on his February 3, 2003 petition. But the court did not err in dismissing his complaint to the extent Bunting requested the issuance of findings of fact and conclusions of law. Judge Haas has no duty to issue findings of fact and conclusions of law on successive or untimely petitions

for post-conviction relief. See *Gause v. Zaleski* (1999), 85 Ohio St.3d 614, 615, 710 N.E.2d 684; *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459.

{¶ 12} Based on the foregoing, we reverse the judgment of the court of appeals insofar as the court erroneously dismissed Bunting's procedendo claim requesting a ruling on his February 3, 2003 petition for post-conviction relief and remand the cause for further proceedings on that claim. We affirm the remainder of the court of appeals' judgment.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Paul Edward Bunting, pro se.

John D. Ferrero Jr., Stark County Prosecuting Attorney, and Ronald Mark Caldwell, Assistant Prosecuting Attorney, for appellee.