THE STATE EX REL. RODAK *v.* BETLESKI, JUDGE.

[Cite as *State ex rel. Rodak v. Betleski,*
104 Ohio St.3d 345, 2004-Ohio-6567.]

(No. 2004–1664—Submitted November 16, 2004—Decided December 15, 2004.)

———

**Per Curiam.**

{¶ 1} On June 3, 1999, a Lorain County grand jury indicted relator, Lawrence G. Rodak, on four counts of gambling in violation of R.C. 2915.02(A)(2). The case was designated *State v. Rodak,* Lorain County Court of Common Pleas case No. 99CR053789. On June 4, 1999, the state moved for the forfeiture and disposal of property that had been seized from Rodak before the indictment was issued.

{¶ 2} Earlier, in March 1999, Rodak had filed an action against the city of Elyria in Elyria Municipal Court, seeking the return of the seized property. Rodak's civil action was transferred to respondent, Judge Mark A. Betleski of the Lorain County Court of Common Pleas. In July 2002, upon Rodak's and the court's motions, Judge Betleski placed the matter on "the inactive docket, until such time that case # 99CR053789, *State v. Rodak,* is resolved, or until such time the court shall order the reinstatement of this action." Judge Betleski further

noted that the parties "may move for reinstatement of this case to the active docket."

{¶ 3} In June 1999, in the criminal case, which is also presided over by Judge Betleski, Rodak filed a motion to unseal a search-warrant affidavit, a motion for discovery, and a motion to produce evidence. In August 1999, Rodak moved to suppress evidence.

{¶ 4} In February 2000, the grand jury returned a supplemental indictment charging Rodak with one count of engaging in a pattern of corrupt activities in violation of R.C. 2923.32(A)(1). In March 2000, Rodak filed a motion to dismiss, a motion in limine, a motion to dismiss the indictment and supplemental indictment, a motion for disclosure of grand-jury testimony, and a motion to disqualify the Lorain County Prosecutor's Office from prosecuting the case.

{¶ 5} In April 2000, the grand jury returned a second supplemental indictment charging Rodak with four additional gambling counts, one additional count of engaging in a pattern of corrupt activity, and one count of operating a gambling house. In May 2000, Judge Betleski issued an entry that specified, "Upon agreement of counsel and order of court, all constitutional and statutory time limitations are tolled from this date until further order of the court." In June and July 2000, Rodak filed various motions to dismiss.

{¶ 6} In May 2002, at Rodak's request, Judge Betleski continued pretrial and motion hearings until July 2002. In the entry, Judge Betleski noted that Rodak waived the statutory time limits for speedy trial. Judge Betleski also denied Rodak's March 2000 motion to disqualify the prosecutor's office.

{¶ 7} In May 2004, Rodak moved to dismiss the indictments on speedy-trial grounds.

{¶ 8} On October 6, 2004, after Judge Betleski failed to rule on the pending motions in his criminal case, Rodak filed this action for a writ of procedendo to compel Judge Betleski to rule on his motions, and, if the court does not grant his motions to dismiss, "to schedule trial therein within a fixed and reasonable period of time, to proceed to trial in that matter." On October 22, Judge Betleski moved to dismiss this procedendo action. On October 29, Rodak filed a memorandum in opposition to the motion to dismiss.

{¶ 9} This cause is now before the court for our S.Ct.Prac.R. X(5) determination.

### S.Ct.Prac.R. X(5): Standard of Review

{¶ 10} We must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. S.Ct.Prac.R. X(5); *State ex rel. Consumers' Counsel v. Pub. Util. Comm.*, 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 9. Dismissal, which Judge Betleski seeks, is required when it appears

beyond doubt, after presuming the truth of all material factual allegations of the complaint and making all reasonable inferences in Rodak's favor, that Rodak is not entitled to the requested extraordinary relief in procedendo. *State ex rel. Satow v. Gausse–Milliken,* 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, ¶ 11.

{¶ 11} If, however, after so construing Rodak's complaint, it appears that his procedendo claim may have merit, an alternative writ should be granted and a schedule for evidence and briefs should be issued. *Tatman v. Fairfield Cty. Bd. of Elections,* 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 13.

{¶ 12} Finally, if the pertinent facts are uncontroverted and it appears beyond doubt that Rodak is entitled to the requested writ, we will issue a peremptory writ of procedendo. *State ex rel. Highlander v. Rudduck,* 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 8.

## Procedendo

{¶ 13} Rodak claims that he is entitled to a writ of procedendo to compel Judge Betleski to rule on his pending motions in his criminal case. " 'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' " *State ex rel. R.W. Sidley, Inc. v. Crawford,* 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 16, quoting *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227.

{¶ 14} "[N]either procedendo nor mandamus will generally issue to compel a court to release its decisions promptly." *State ex rel. Nalls v. Russo,* 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 31. Consequently, we have denied writs of procedendo and mandamus when the delay is relatively minimal. See id. (relator filed action for extraordinary relief to compel magistrate to issue a separate decision just three days after the entry in the case was journalized); *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888 (only two to three weeks had elapsed from the time relator requested that judge act on her pending motions until relator filed complaint for writs of mandamus and prohibition); *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (postconviction-relief petition and motions had been pending for only two to three weeks when complaint for writ of procedendo was filed); *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35–36, 656 N.E.2d 332 (mandamus to compel court to rule on postconviction-relief petition that had been pending for ten months, when relator had filed other requests on and after date he filed petition).

{¶ 15} By contrast, most of Rodak's motions have been pending for more than four years. Only Rodak's May 2004 motion to dismiss on speedy-trial grounds was filed within the past year.

{¶ 16} Judge Betleski claims that extraordinary relief in procedendo is not available because procedendo cannot control when a particular motion will be ruled upon by a court. But we have consistently held that a writ of procedendo will issue when a court has unnecessarily delayed proceeding to judgment. *State ex rel. Bunting v. Haas,* 102 Ohio St.3d 161, 2004-Ohio-2055, 807 N.E.2d 359, ¶ 8. In fact, an " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *Dehler,* 74 Ohio St.3d at 35, 656 N.E.2d 332, quoting *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 110, 637 N.E.2d 319; *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 534–535, 696 N.E.2d 1079.

{¶ 17} Judge Betleski further notes that in May 2000, Rodak agreed to toll the constitutional and statutory time limitations in his criminal case and that Rodak further agreed to the court's placing his civil case on the inactive docket pending resolution of his criminal case.

{¶ 18} Neither of these reasons, however, justifies the delay in ruling on Rodak's pending motions in his criminal case. Rodak did not consent to Judge Betleski's not ruling on the pending motions. And the inactive status of Rodak's civil case does not excuse the failure to promptly rule on pending motions in his criminal case.

{¶ 19} Therefore, Rodak has proven that Judge Betleski has unnecessarily delayed in ruling on his various pending motions in his criminal case. We have granted extraordinary relief when the delay in ruling on pending items has been considerably shorter. *State ex rel. Turpin v. Stark Cty. Court of Common Pleas* (1966), 8 Ohio St.2d 1, 37 O.O.2d 40, 220 N.E.2d 670 (court failed to rule on petition for postconviction relief that had been pending for 12 months); cf. *Bunting,* 102 Ohio St.3d 161, 2004-Ohio-2055, 807 N.E.2d 359, ¶ 9 (procedendo is the appropriate remedy to rectify violation of the Crim.R. 35[C] requirement that a court rule on postconviction-relief petition not later than 180 days after the petition is filed).

{¶ 20} Because the pertinent facts are uncontroverted and from these facts it appears beyond doubt that Rodak is entitled to the requested extraordinary relief, we grant a peremptory writ of procedendo to compel Judge Betleski to rule on pending motions in Rodak's criminal case. *Highlander,* 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 25.

Writ granted.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Berkman, Gordon, Murray & DeVan, Mark R. DeVan, Steven D. Shafron, and Raymond Vasvari; James M. Burge, for relator.

Gary C. Bennett, Lorain County Prosecuting Attorney, and M. Robert Flanagan, for respondent.