[THE STATE EX REL.] ROBERTS, APPELLANT, *v.* MARSH, JUDGE, APPELLEE.

[Cite as *State ex rel. Roberts v. Marsh,* **138 Ohio St.3d 165, 2014-Ohio-106.**]

*Procedendo—Writ will not be issued to compel performance of a duty that has already been performed—Court of appeals' denial of writ affirmed.*

(No. 2013-1066—Submitted October 8, 2013—Decided January 22, 2014.)

APPEAL from the Court of Appeals for Hamilton County, No. C-130264.

_____

**Per Curiam.**

{¶ 1} Appellant, Mallon Roberts, appeals the judgment of the First District Court of Appeals dismissing his petition for a writ of procedendo. We affirm.

{¶ 2} Roberts was convicted of murder in 2005 and sentenced to serve 25 years to life. On September 28, 2012, Roberts filed a motion in arrest of judgment under R.C. 2947.02.

{¶ 3} On October 3, 2012, appellee, Hamilton County Common Pleas Court Judge Melba D. Marsh, issued an entry overruling the motion.

{¶ 4} On April 30, 2013, Roberts filed a petition for a writ of procedendo in the First District Court of Appeals, seeking to compel Judge Marsh to rule on his motion in arrest of judgment. On May 30, 2013, the court of appeals granted Judge Marsh's motion to dismiss the petition.

{¶ 5} Roberts filed an appeal of right with this court.

{¶ 6} A writ of procedendo will not issue to compel the performance of a duty that has already been performed. *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998). Judge Marsh has already ruled on Roberts's motion.

**{¶ 7}** Roberts's argument appears to be that Judge Marsh erroneously denied his motion, so it was incumbent upon the court of appeals to compel her (by way of procedendo) to reconsider her decision and reach a different result. However, Roberts has or had an adequate remedy to correct any alleged error in Judge Marsh's decision through a direct appeal, which precludes the issuance of an extraordinary writ. *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 30. And according to Roberts's own statement of facts, he did file a notice of appeal from the denial of his motion on November 26, 2012.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Mallon Roberts, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

_____