STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 MA 53 |
| V. | ) | |
| | ) | OPINION |
| AARON JONES, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 06CR95

JUDGMENT:      Affirmed

APPEARANCES:

For Plaintiff-Appellee      Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant      Aaron L. Jones, Pro-se
#A511-342
Grafton Correctional Institution
2500 S. Avon-Belden Rd.
Grafton, Ohio 44044

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 13, 2014

DONOFRIO, J.

{¶1} Defendant-appellant Aaron Jones appeals the decision of the Mahoning County Common Pleas Court which denied his successive and untimely petition for post-conviction relief.

{¶2} Jones was convicted for the aggravated robbery and aggravated burglary of his former girlfriend. She had testified that he broke into her house with his cousin while she was sleeping. She said appellant held her by the hair, repeatedly punched her in the face, and threatened her while his cousin ransacked the room and stole money and prescription pills from her.

{¶3} In a July 24, 2006 judgment entry, Jones was sentenced to ten years on each count to run consecutively. In the direct appeal, appellant raised six assignments of error to this court: (1) fifteen allegations of ineffective assistance of counsel; (2) sufficiency of the evidence; (3) weight of the evidence; (4) failure to render curative instructions after defense objections; (5) speedy trial; and (6) sentencing. This court overruled his arguments and affirmed his conviction. *State v. Jones,* 7th Dist. No. 06 MA 109, 2008-Ohio-1541.

{¶4} Jones has filed numerous post-trial motions on his own behalf. On January 5, 2007, Jones filed a petition to vacate his sentence based upon claims that the elements were not satisfied and that his speedy trial rights were violated. On March 27, 2008, he filed a motion for a new trial, which was denied three days later. On July 31, 2008, Jones filed a petition for post-conviction relief raising claims of ineffective assistance of counsel and speedy trial violations. He filed the same petition on August 6, 2008, at which time the trial court denied the petition. On February 25, 2009, Jones filed a motion for acquittal claiming insufficient evidence and problems with the jury verdict.

{¶5} On November 18 and December 28, 2009, he filed motions to vacate a void judgment. On January 7, 2010, Jones filed a petition for post-conviction relief, claiming a defective indictment due to the lack of the recklessness mens rea and ineffective assistance of counsel due to a failure to investigate. On February 5, 2010, the trial court denied the motions to vacate and the petition for post-conviction relief.

Jones appealed and because his petition failed to meet or even allege the requirements for an untimely or successive petition under R.C. 2953.23(A), this court found that the trial court had no jurisdiction to consider the petition, and affirmed.

**{¶6}** On December 5, 2011, Jones filed a "MOTION TO CORRECT JUDGEMENT AND/OR VACATE AND RESENTENCE PURSUANT TO (FOSTER-FIX) ENACTED IN AM.SUB.H.B. 86." 2011 H.B. 86, enacted September 20, 2011, requires a court imposing consecutive sentencing to make certain findings. The legislation was enacted in response to the Ohio Supreme Court's statement that its *Foster* decision was incorrect in striking down statutory consecutive sentence provisions and that the legislature would need to enact a new statute to revive any requirement of findings for consecutive sentences. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph three of the syllabus. Basically, Jones argues that his 2006 sentence which contained consecutive sentences was somehow rendered void by 2011 H.B. 86 and that he should be resentenced under this legislation that was enacted five years after he was sentenced.

**{¶7}** The trial court overruled Jones's motion on April 9, 2013. This appeal followed.

**{¶8}** Still proceeding on his own behalf, Jones advances three assignments of error. As a preliminary matter, Jones seems to take issue with his December 5, 2011 motion being treated as a petition for post-conviction relief. But, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. Jones's petition fulfills the definition of a petition for postconviction relief: (1) the motion was filed after his direct appeal; (2) he seeks to vacate his sentence as void, and; (3) in the petition, he alleged that his constitutional rights were violated and that the trial court sentenced him without appropriate jurisdiction. Therefore, Jones's petition is properly construed and treated as a petition for

postconviction relief.

**{¶9}** Jones's first assignment of error states:

Issues presented for THIS appeal[.]

**{¶10}** Under this assignment of error (and throughout his appellate brief), Jones sets forth and attempts to resurrect numerous issues, including in particular the sufficiency of the evidence, the victim's credibility, and the effectiveness of his trial court counsel's assistance. This court cannot address these issues since Jones did not raise them in his December 5, 2011 motion. Additionally, as this court pointed out in Jones's previous post-conviction appeal, to the extent this court has already addressed these issues in Jones's direct appeal, they cannot be raised in a post-conviction petition. *State v. West,* 7th Dist. No. 07 JE 26, 2009-Ohio-3347, ¶ 24 (res judicata allows court to deny petition for post-conviction relief without hearing where claims were or could have been raised on direct appeal). Other issues he refers to could have been raised in the direct appeal but were not. *Id.*

**{¶11}** Accordingly, Jones's first assignment of error is without merit.

**{¶12}** Jones's second and third assignments of error are each directed more towards the issue presented by his December 5, 2011 petition (i.e., whether his 2006 sentence containing consecutive sentences requires resentencing under 2011 H.B. 86). Jones's second assignment of error states:

Trial Court Judge Abused It's [sic] Discretion In Overruling the December 5, 2011 Motion Entitled "FOSTER-FIX REMEDY" on April 9, 2013, For The Judge ORDERED The State To Respond AND THEY DIDN'T.

**{¶13}** The state is not mandated to respond to a petition for post-conviction relief under R.C. 2953.21(D). *State v. Smith*, 7th Dist. No. 06-BE-64, 2007-Ohio-5244, ¶ 18, citing *State v. Skelnar*, 71 Ohio App.3d 444, 446, 594 N.E.2d 88 (9th Dist.1991). The state's failure to respond to a petition for post-conviction relief does

not necessarily mean that the petitioner is automatically granted judgment in their favor either. *Id.* Rather, a petitioner's remedy for the failure of the state to respond to a post-conviction petition is to move for ruling without the state's response. *Id.*, citing *State v. Halliwell*, 134 Ohio App.3d 730, 736, 732 N.E.2d 405 (8th Dist.1999).

**{¶14}** Regardless, Jones's petition was untimely and successive. As such, it was subject to the requirements of R.C. 2953.23. R.C. 2953.21(A)(2) (petition for post-conviction relief must be filed within one hundred eighty days of the date in which the trial transcript is filed in the court of appeals in the direct appeal, unless certain exceptions enumerated in 2953.23 apply). Pursuant to R.C. 2953.23, the trial court cannot entertain an untimely or successive petition unless division (A)(1) or (2) applies. Division (A)(2) deals with DNA, which is inapplicable here. Division (A)(1) requires both of the following to apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**{¶15}** Here, Jones did not advise the trial court that he was or how he was unavoidably prevented from discovering the fact on which his petition was based; nor

did he claim a new retroactive right has been recognized by the United States Supreme Court. R.C. 2953.23(A)(1). In fact, all of the arguments made could have been raised in a timely filed petition for post-conviction relief. As such, the trial court had no jurisdiction to consider the petition. *State v. Bryant,* 7th Dist. No. 10 MA 11, 2010-Ohio-4401, ¶ 16.

**{¶16}** Also, it cannot be said that he showed by clear and convincing evidence that, but for constitutional errors at trial, no reasonable fact-finder would have found him guilty. R.C. 2953. 23(A)(2). Thus, there was an alternative reason why the trial court had no jurisdiction to consider the petition. *Bryant* at ¶ 16. Finally, it should be noted that a trial court need not issue findings of fact or conclusions of law in dismissing an untimely filed or successive petition. *See*, *e.g.*, *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 7; *State ex rel. Carroll v. Corrigan*, 84 Ohio St.3d 529, 530, 705 N.E.2d 1226 (1999); *Gause v. Zaleski*, 85 Ohio St.3d 614, 615, 710 N.E.2d 684 (1999).

**{¶17}** Accordingly, Jones's second assignment of error is without merit.

**{¶18}** Jones's third and final assignment of error states:

The Effects Of HB 86 In Defendant's Sentencing[.]

**{¶19}** Jones's overriding argument in this appeal is that his 2006 sentence containing consecutive sentences requires resentencing under 2011 H.B. 86. Even assuming for the sake of argument that his petition was timely, Jones would not be entitled to resentencing under 2011 H.B. 86. Jones was sentenced well before the effective date of 2011 H.B. 86. This court has directly rejected similar arguments that 2011 H.B. 86 should apply retroactively. *State v. Williams*, 7th Dist. No. 11 MA 131, 2012-Ohio-6277, ¶ 62. S*ee also State v. Steinfurth*, 8th Dist. No. 97549, 2012-Ohio-3257, ¶ 14; *State v. Stalnaker*, 11th Dist. No. 2011-L-151, 2012-Ohio-3028, ¶ 15

**{¶20}** Accordingly, Jones's third assignment of error is without merit.

**{¶21}** The judgment of the trial court is affirmed.

Waite, J., concurs.

DeGenaro, P.J., concurs.